### GOOD et al. v. THOMPSON et al.

No. 27882. Dec. 7, 1937.

Rehearing Denied Jan. 4, 1938.

Gibson & Savage, for petitioners.

E. N. Jones and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. Fred Good and the Traders & General Insurance Company seek the review of an order of the State Industrial Commission in favor of J. W. Thompson.

The State Industrial Commission found that on October 17, 1936, J. W. Thompson was in the employ of Fred Good and engaged in a hazardous occupation coming within the terms of the Workmen's Compensation Law, and on said date he sustained an accidental injury to his left eye: that said accidental injury arose out of and in the course of his employment; that his daily wage at the time of the accident was $3 per day; that by reason of said accidental injury he should be awarded total temporary disability from the date of the accident to January 11, 1937, less three days he worked and less the five-day waiting period; that he sustained a 66 per cent. loss of vision of his left eye; that no written notice was given of said accidental injury, but the employer had actual notice and was not prejudiced by a failure to give written notice.

It is first urged that the State Industrial Commission erred in excusing the giving of the written notice provided by section 13358, O. S. 1931, for the reason there is no competent evidence in the record to establish the giving of actual notice.

Respondent testified that on the third day after the accident he told Floyd Good, the son of the owner and manager and foreman on the job, that he was burned by a torch and that it hurt his eye, and that he was directed to go to a doctor by the said foreman. This is competent evidence from which the State Industrial Commission was warranted in finding that the petitioner had actual notice of the injury and competent evidence upon which for that reason they could excuse the giving of the written notice provided in section 13358, supra. Norman Steam Laundry v. State Industrial Commission, 160 Okla. 107, 16 P. (2d) 92; Protho v. Nette, 173 Okla. 114, 46 P. (2d) 942.

It is next urged that there is no competent evidence in the record that the respondent sustained an accidental injury resulting in a disability to the eye. Respondent testified that he was working on the night of October 17, 1936, and that there was an electric blow torch as blinding as the sun which he passed for a period of from seven to nine hours consecutively; that this light hurt his eye, and that this was the cause of the accident; that he was treated by Dr. Miller. Dr. Newell testified that he examined the respondent and found a condition which he described as being a result of the torch burn, and that respondent was industrially blind, and that he believed that his blindness resulted from the accidental injury of October 17, 1936. There is testimony in the record of a prior accident caused by the getting of gravel in the eye. Dr. Miller, a witness for the petitioner, upon cross-examination, testified that a burn of the magnitude described in the questions propounded to him would aggravate any previous condition that the respondent had prior to the injury of October 17, 1936. It will be seen from a reference to the evidence offered by the respondent that it is fully sufficient to establish an independent accident and resulting injury to the eye on October 17, 1936. We have said that such accidental injury is to be proved by expert medical testimony. Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. (2d) 1212. The question is presented as a question of fact for the determination of the State Industrial Commission, and where there is

competent evidence to sustain the finding such finding will not be disturbed.

These are the sole questions presented on this petition to review.

The award is affirmed.

OSBORN, C. J., and RILEY, WELCH, PHELPS, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and CORN, J., absent.