HUBBELL et al. v. SIMPSON et al.

No. 34248.   Oct. 17, 1950.

*223 P. 2d 353.*

Pierce, Rucker, Mock, Tabor & Duncan, of Oklahoma City, for petitioners.

Lawrence Jones, of Bristow, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J., This is a proceeding to review an award for temporary total disability.

Respondent in his claim filed with the State Industrial Commission stated that he was employed by petitioner as a truck driver and bulldozer operator; that on the 15th day of October, 1948, while in the employ of petitioner, and while engaged in the act of jerking a heavy chain from a truck bed, the chain struck him under his left eye and across his left side causing an injury to his brain and impairing his vision and by reason thereof he is permanently disabled.

The trial commissioner, in substance, found that respondent on the 15th day of October, 1948, while in the employ of petitioners, Hubbell and Webb, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his head, right side and body; that as a result of such injury he was totally temporarily disabled and has been so since October 15, 1948, and awarded him compensation therefor at the rate of $21 per week until further order of the commission. The trial commission-

er further found that respondent failed to give written notice of his injury as provided by statute, 85 O. S. 1941, §24, but that petitioners had actual notice of such injury and suffered no prejudice by reason of his failure to give such notice.

The findings and award of the trial commissioner were sustained on appeal to the commission en banc.

It is undisputed that respondent at the time stated in his claim sustained an injury as claimed, and that the injury arose out of and in the course of his employment and that he was then totally temporarily disabled. The only dispute as between the parties in this respect is as to whether his disability was caused by the injury. It is also undisputed that respondent failed to give written notice of his injury as provided by statute.

It is first contended by petitioners that there is no competent evidence to sustain the finding of the commission that no prejudice resulted to them by reason of the failure of respondent to give statutory written notice. This contention cannot be sustained.

Respondent testified that immediately after receiving the injury he notified petitioners' tool pusher thereof and stated that he sustained an injury while engaged in jerking a chain from the truck bed when the chain hit him in the face; that within five days thereafter he notified Mr. Webb of his injury, stated the manner in which it occurred and informed him that he was not able to continue at his work and that he was in need of a doctor, and asked him what doctor he should consult; that Mr. Webb stated that he would talk with the insurance company and see if it had any special doctor it would recommend and that he afterwards told him any good doctor would be all right; that he thereafter consulted with his family physician, who, after examination, advised him to go to other physicians in Oklahoma City for

further examination and treatment, which he did; that shortly thereafter he notified Mr. Hubbell of his injury and informed him of the manner in which it occurred and that by reason thereof he was unable to continue at his work. Mr. Hubbell in his testimony admits that he was so notified and informed by respondent.

The record discloses that on November 1, 1948, and within the 30-day period allowed by statute for giving written notice of the injury, counsel for the insurance carrier of petitioners, Hubbell and Webb, received a full detailed report from one of the physicians above referred to, which contained a complete statement of the history of the case furnished him by respondent, and a detailed statement as to the cause, nature and extent of the injury sustained. This evidence is clearly sufficient to sustain the finding of the commission in this respect. It will therefore not be disturbed by this court on petition for review. Seismograph Service Corporation v. Mason, 193 Okla. 623, 145 P. 2d 967; Good v. Thompson, 181 Okla. 471, 74 P. 2d 938; Shell Oil Co. v. Thomas, 202 Okla. 190, 211 P. 2d 263.

Petitioners further contend that there is a total lack of medical or expert evidence to sustain the finding of the commission that respondent's disability was caused by the injury sustained October 15, 1948. We do not agree. The family physician who examined respondent on October 15, 1948, after testifying in detail as to the history of the case furnished him by respondent and that he was then temporarily totally disabled, further testified:

"Q. Now, would that accident which he described to you, Doctor, in your opinion, cause the condition that he

has? A. Well, it is hard to say whether or not it would. The condition came on a short time afterwards, so it is perfectly possible for it to do that.

"Q. And by the elimination of the other things which might have caused it, I will ask you to state whether or not you have narrowed the cause down to the accident? A. Well, as I said before, that is a difficult thing to be positive about; but it is likely and within the realm of possibility and reasonable to think that the injury was the underlying cause of his disability."

The doctor again examined respondent on May 4, 1949, at the request of counsel for respondent and made a written report thereof which was received in evidence by agreement. In the report the doctor stated he found respondent about the same as at the time he first examined him and as he formerly testified and that he was still totally temporarily disabled; that after receiving a report of the Oklahoma City physicians about his condition the theory theretofore indulged in that respondent's disability might have resulted from a brain tumor or high blood pressure has been definitely ruled out; that in view of these findings and the fact that respondent was a strong and able-bodied man prior to the time he received his injury and that he did receive a blow on the head, it is his opinion that respondent's present disability was caused by the injury sustained October 15, 1948. There is no direct or positive medical or expert evidence to the contrary. The finding of the commission in this respect and the award based thereon is amply supported by the evidence.

Award sustained.

DAVISON, C.J., ARNOLD, V.C.J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.