MASSACHUSETTS BONDING & INS. CO. et al. v. WELCH et al.

No. 32053. May 22, 1945.

Rehearing Denied July 3, 1945.

*159 P. 2d 1017.*

A. M. Covington, of Tulsa, for petitioners.

T. F. Dukes, of Hominy, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Massachusetts Bonding & Insurance Company and J. E. Foster, hereinafter called petitioner, to review an award made by the Industrial Commission to Allen Welch, hereinafter called respondent.

On the 22nd day of June, 1942, respondent filed his first notice of injury and claim for compensation stating that he was employed as an oil pumper and on the 28th day of January, 1942, sustained an accidental injury arising out of and in the course of his employment while cleaning out a well when salt water, oil, and corroded scale struck his right eye causing an infection.

An award was entered on the 21st day of January, 1943, for total temporary disability and for 100 weeks for total loss of the right eye. A proceeding was brought to review the award and it was vacated with directions in holding that where no statutory written notice has been given as provided by 85 O.S. 1941 § 24, and the employer raises the issue of failure to give the statutory written notice in the Industrial Commission, said Commission is not authorized to make an award unless it excuses the failure to give said notice either on the ground that notice for some sufficient reason could not have been given or that the insurance carrier or the employer, as the case may be, has not been prejudiced thereby.

A hearing was conducted on the 2nd day of November, 1944, and on the 30th day of November, 1944, a finding was made that the employer has not been prejudiced by failure to give the statutory written notice, and an award ·for temporary disability and for loss of eye was entered. This proceeding is brought to review said award. The amount of the award or the sufficiency of the evidence to support the finding as to the disability are not at issue.

The petitioners in seeking to review the award present two propositions.

It is first asserted that the evidence is wholly insufficient to sustain a finding that respondent reported the accident within 30 days after he discovered he had suffered an injury or a disability. Under 85 O.S. 1941 § 24, it is the duty of the respondent to give the statutory written notice. If such notice is not given, the State Industrial Commission is authorized (1) to excuse the statutory written notice for the reason that it could not be given by the injured person; (2) for the reason that the employer has not been prejudiced by a failure to give the statutory written notice. It is apparent that it is not necessary in this state for the State Industrial Commission to make any finding regarding actual notice. It therefore becomes immaterial whether or not the finding that within 30 days after the injury the employer had actual knowledge of the accident is supported by any competent evidence.

The second proposition is that the evidence is wholly insufficient to establish by any competent evidence the finding that the employer was not prejudiced by a failure to give the statutory written notice.

The evidence discloses that respondent was injured on the 28th day of January, 1942; that his eye began to smart and burn and on or about March 9, 1942, he went to a doctor; that the doctor found a piece of rust in his eye and an infected condition, and that within four or five days thereafter respondent reported to the foreman of the employer and informed him that the condition was a result of the accidental injury of January 28, 1942. It will thus be seen that only 45 days elapsed between the time of the accidental injury

on January 28, 1942, and the notice imparted to the employer on or about the 15th of March thereafter. There is ample evidence in the record to support the finding that the employer was not prejudiced by a failure to give the statutory written notice. We have held that a finding of fact by the State Industrial Commission that the employer was not prejudiced by a failure to give the statutory written notice is within the exclusive province of the State Industrial Commission, and if there is any competent evidence reasonably tending to support such finding, it will not be disturbed on review. Swift & Co. v. State Industrial Commission, 161 Okla. 132, 17 P. 2d, 435; Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489.

The award of the State Industrial Commission is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.