SHELL OIL CO., Inc., v. THOMAS et al.

No. 32868. Oct. 4, 1949.

Rehearing Denied Nov. 8, 1949.

*211 P. 2d 263.*

Geo. W. Cunningham, W. D. Simms, and Jesse M. Davis, all of Tulsa, for petitioner.

Tom Drake, of Oklahoma City, and Ernest Tate, of Ardmore, for respondent Hurshell L. Thomas.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

LUTTRELL, J. This is an original proceeding brought by Shell Oil Company in this court, to review an award made by the State Industrial Commission to claimant, Hurshell L. Thomas. Petitioner contends that the Industrial Commission erred in finding: (a) That petitioner had actual notice of claimant's injury and was not prejudiced by the failure of claimant to give written notice of the injury within thirty days from the date thereof; (b) in finding that an accident occurred which injured claimant while he was in the employ of petitioner at the time and place claimed by claimant. Petitioner contends that the evidence adduced before the Industrial Commission is not sufficient to sustain either of the two findings above set forth.

Claimant in his amended claim for compensation stated that the injury complained of was that, while starting a gas engine on the J. H. Dillard lease of petitioner in Carter county, he severely injured his left leg, caused a rupture on his right side, and aggravated an old injury to his right arm, and that the injury was permanent. Petitioner in its answer specifically denied that it had received any notice of the injury in writing, or otherwise, and alleged that it had been prejudiced by claimant's failure to give such notice.

On the question of notice claimant's testimony was that he was a gang pusher for petitioner; that on April 5, 1945, he and a gang of two men were repairing a gasoline engine, and having completed repairs on it, he undertook to "kick it off"; that in so doing he attempted to put his left foot on a spoke of a wheel on the engine, missed the spoke and came down and hit the concrete floor hard with his left foot; that it seemed like it drove something up through his body, and that he tried to get his foot back to the spoke and was unable to do so. He testified that in his judgment that was about 10 o'clock in the forenoon; that his foreman, one Vasseur, picked him and the gang up about noon, and that while riding in the seat of the automobile with Vasseur he told Vasseur that "that job tore me up"; that Vasseur said nothing, and that no written report of the accident was ever made so far as he knew. Upon being confronted with the time sheets showing that work on that particular gas engine was not completed until the 6th day of April, he testified that he must have been mistaken in the date and that the injury occurred on April 6th, since the work had been completed when he attempted to start the engine. Vasseur was called as a witness by petitioner and testified that the men had instructions to report all accidental injuries to him; that he could not remember whether Thomas ever reported to him that he had sustained an accidental injury on that date, and he thought he would have remembered it and made an accident report on it if he had been so informed. He would not state positively at any time in his testimony that Thomas did not tell him he had sustained an ac-

cidental injury, but his testimony was to the effect that he did not remember Thomas making any such statement to him. The other members of Thomas' gang also testified that they did not remember Thomas receiving an accidental injury or reporting same to Vasseur.

Thomas continued to work until his vacation on June 11, 1945; did not make any claim for compensation, and in making reports to procure the payment of insurance on an insurance policy covering sickness or accidents which did not occur while he was working for petitioner, stated that his condition was not the result of an accident. In his further testimony Thomas stated that he told Vasseur in the car how he felt and what had happened. It also appears that prior thereto Thomas had had two accidents but had not applied for compensation in either case, but had continued to work. One of these accidents resulted in a piece of steel being embedded in his eye and he had the steel removed at his own expense and continued to work. The other accident was an injury to his right arm which apparently was a rather serious injury, yet in that case he made no claim for compensation and continued to work. Apparently he was averse to claiming compensation while in the employ of petitioner and preferred to keep on working. He filed no claim for compensation for the injury of April 6th until October 16, 1945, at which time he evidently determined that it was impossible for him to return to work.

We think this evidence was sufficient to sustain the finding of the commission that petitioner had actual notice of claimant's injury. Petitioner asserts that in Tidal Refining Co. v. Ballard, 163 Okla. 259, 21 P. 2d 1054, and other cases, we have held that to prove actual notice to the employer the claimant must prove that the employer had "actual notice of the time, place, nature and cause of the injury", and that the evidence was insufficient to comply with these requirements. But from the evidence it appears that Vas-

seur knew the job which the crew had been working on, and the location of the property, and that the statements made to him by claimant, as testified to by claimant, sufficiently described the injury, although claimant perhaps at the time did not know exactly the extend of the injury.

In Pine v. Davis, 194 Okla. 427, 152 P. 2d 590, we said that the object of the notice is to give the employer an opportunity to make timely investigation of the circumstances of the alleged accident, consult witnesses who were present or near at the place of the accident, and to determine whether or not the claimant was entitled to compensation. We think the notice given by claimant was a sufficient compliance with the rule heretofore announced by this court.

Petitioner also contends that in addition to showing notice, the burden was upon the claimant to establish that the failure to give the written notice did not prejudice petitioner. But in Maryland Casualty Co. v. Osborn, 166 Okla. 235, 26 P. 2d 934; Special Indemnity Fund v. McFee, 200 Okla. 288, 193 P. 2d 301; Nuway Laundry Co. v. Trice, 182 Okla. 518, 78 P. 2d 706, and in numerous other cases cited in 85 O. S. A. §24, note 15, we have held that where the claimant's evidence was sufficient to establish actual notice, the burden was upon the employer to show that the failure to give written notice had been prejudicial.

In the instant case there is no showing that the failure to give written notice in any wise prejudiced petitioner. It follows that the finding of the commission that petitioner had actual notice of the injury, and that it was not prejudiced by the failure to give written notice, must be sustained.

On the question of whether or not claimant received an accidental injury, the testimony of claimant as set out above is, we think, sufficient to sustain the finding of the commission that he did. While the two men who were work-

ing with claimant on April 6th testified that they did not see him receive an accidental injury, they did not testify positively that they did not hear him state that he had received such an injury, but testified that they did not remember whether he had made such statement to them or not. The testimony of one of these witnesses, Overbay, is to some extent impeached by the testimony of James W. Smith, a disinterested witness who was not employed by petitioner at the time of the trial. Smith testified that about three weeks before March 19, 1946, the date of the hearing on this claim at Ardmore, he and Overbay were at the residence of claimant, and that at that time Overbay stated to claimant and Smith that he remembered claimant kicking the engine and that claimant either said "I have pulled my insides out," or "I am give completely out", and that Overbay told him "You will finish pulling yourself to pieces, you better not kick on it, you can pull it". Smith further stated that Overbay said that he told claimant "Don't kick the wheel any more, you are not able, you can pull it", and that they mentioned claimant having hurt himself before he sat down against the wall. Overbay did not deny that this conversation did not take place, but stated that as he remembered they were all given out trying to kick the engine off, and claimant backed up against the wall and stated that he was "give out".

Petitioner contends that under the rule announced in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32, whether or not claimant received an accidental injury is a jurisdictional question and that this court will weigh the evidence before the commission.

In Sinclair Prairie Oil Co. v. Stevens, 194 Okla. 109, 148 P. 2d 176, we declined to follow the McKeever Drilling Company case in so far as it purported to hold that this was a jurisdictional question, and held that where the finding of the commission that the claimant received an accidental injury was supported by competent evidence, it would be sustained by this court, citing numerous cases to that effect. This case was followed in Standish Pipe Line Co. v. Johnson, 197 Okla. 238, 169 P. 2d 1018.

Award sustained.

DAVISON, C. J., and CORN, JOHNSON, and O'NEAL, JJ: concur. ARNOLD, V.C.J., and GIBSON and HALLEY, JJ., dissent.

GIBSON, J. (dissenting). I think the award should be vacated.

The statutory notice of injury was not given and there is no contention that it could not have been given. The finding of the commission that the respondent was not prejudiced by the failure to give the statutory notice is not sustained by the weight of the evidence. This is necessary. Gulf Oil Corporation v. Garrison, 183 Okla. 631, 84 P. 2d 12. In fact, there is no evidence to support such finding.

Claimant testified that he told his foreman "that job tore me up." That, without more, will not sustain a finding that the employer had "actual notice of the time, place, nature and cause of the injury", which we have said is the information the employer must have in order to be charged with actual notice of an accidental injury. Tidal Refining Co. v. Ballard, 163 Okla. 259, 21 P. 2d 1054.

I have examined all of the evidence and, aside from claimant's testimony, I can find no evidence of the occurrence of the alleged accident, or of respondent having notice thereof within the 30-day period. And claimant's testimony fails to establish the fact of such notice. Claimant testified that he informed A. G. Vasseur, his foreman, soon after the accident and that two other employees, Henry Overby (George H. Overbay) and Everett Eads (Emmitt Eads) were present. The effect of his testimony may be gathered from the following:

"Q What did you tell him then, if anything?  A I told him I got tore up

194

on that job. About my hernia here, I told him what happened there. Q What did he say then? A He did not give me no answer. Q How do you know he heard you? A. I can't swear to that."

To constitute notice, in such situation, it must appear that information was imparted by the statement made. The claimant's statement that he does not know whether Vasseur heard is tantamount to saying he does not know whether notice was received. There is no evidence of a fact which, in order to be relied on, must be established. There is nothing in the testimony of Vasseur, Overbay or Eads to indicate that the information was in fact received. There is nothing in claimant's testimony to the effect that notice was given to Vasseur under such conditions or circumstances that one might draw the inference that Vasseur had heard or should have heard the statement. Liberality of construction does not require us to say that a statement by claimant made into the wind when the foreman was nearby is notice to the employer of an accident. Vasseur testified that he had no recollection of any such statement as that claimant says he made. Overbay and Eads each testified that he had no recollection of having heard such statement made. In my opinion, that was the way each of said witnesses had of testifying that the claimant made no such statement within his hearing.

Since no written notice of the alleged injury was given, and since there is no evidence that the employer had actual notice thereof and no evidence that the employer has not been prejudiced by claimant's failure to give the written notice, I think the claim is barred and the award should be vacated and the proceeding dismissed.