JONES et al. v. OLIVER et al.

No. 34605.   Feb. 20, 1951.

*228 P. 2d 173.*

A. R. Daugherty and Fenton, Fenton & Thompson, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. In this case it appears that on May 30, 1949, John Alex Oliver, respondent herein, while in the employ of Percy Jones sustained an injury in a truck accident consisting of a severe blow on the head which affected his right eye and which finally resulted in industrial blindness of the eye.

The State Industrial Commission so found and entered an award in his favor and against his employer and insurance carrier, hereinafter referred to as petitioners, accordingly.

The commission further found that respondent failed to give written notice of his injury as provided by statute, 85 O. S. 1941 §24, but also found that petitioners had actual notice of the injury and that they suffered no prejudice by reason of the failure of respondent to give the written notice. The commission further found that respondent was not aware of the extent and character of his injury until the month of August, 1949, and gave such notice within 30 days thereafter.

Petitioners contend that there is no evidence tending to show that they had actual notice of the injury within the 30-day period allowed by the statute for giving written notice and that respondent's claim is therefore barred; that the fact that they had received actual notice of the injury after the 30-day period had expired was not sufficient evidence upon which to predicate a finding that they suffered no prejudice by reason of the failure of the respondent to give the written notice.

It is not contended that the evidence is insufficient to sustain the finding of the commission that respondent sustained an accidental injury as claimed and that such injury resulted in the loss of use of his eye. We deem it unnecessary therefore to enter into any discussion of the evidence offered in support of such finding.

We agree with the contention of petitioners that there is a total lack of evidence tending to prove that, within the 30-day period allowed by statute for giving written notice of his injury, they had actual notice or knowledge thereof. Petitioners had actual knowledge that respondent had a truck accident the day it occurred, but they had no knowledge that respondent claimed to have sustained an injury of any kind as a result of the accident until the 25th day of August, 1949, when respondent so notifed the superintendent of petitioner Jones. Respondent in this respect testified that he did not, at any time within the 30-day period allowed by statute for giving written notice, notify his employer or insurance carrier that he had sustained an injury to his eye or any other injury as the result of the truck accident; that he did not then know that he was injured as the result of the accident. He further testified that about the 17th day after the accident he noticed that his eye was affected; that the vision to some extent was impaired but did not connect such condition with the truck accident. He did not at that time notify petitioners or either of them of this condition but kept on working until the 25th day of August, 1949, at which time he consulted a physician who advised him to see an eye specialist. He then called upon a specialist who, after making an examination, diagnosed his trouble as a detached retina and informed him as a result thereof he had sustained the loss of vision of his right eye. He then notified the superintendent of petitioner Jones, that as a result of the truck accident he had loss of use of his right eye, to which the superintendent made no reply.

While the evidence is wholly insufficient to show that petitioners, within the 30-day period after the accident, had actual notice or knowledge of the injury now claimed to have been sustained by respondent to his eye as a result thereof, we think it is, nevertheless, sufficient to sustain the finding of the commission that petitioners suffered no prejudice by reason of the failure of respondent to give such notice.

We have heretofore held that a finding of the commission supported by the evidence that the employer, within the 30-day period provided by statute for giving written notice, had actual knowledge of an injury may be sufficient to justify the further finding of "no prejudice," in the absence of a showing by the employer or insurance carrier to the contrary. Gulf Oil Corp. v. Garrison et al., 183 Okla. 631, 84 P. 2d 12; Shell Oil Co., Inc., v. Thomas et al., 202 Okla. 190, 211 P. 2d 263.

It is, however, not essential that the evidence show or the commission find that the employer or insurance carrier had received actual notice of an injury within the 30-day period, in order to justify it in excusing the failure to give the written notice on the ground that neither the employer nor the insurance carrier were prejudiced thereby, where justification is otherwise established.

In the case of Massachusetts Bonding & Ins. Co. et al. v. Welch et al., 195 Okla. 636, 159 P. 2d 1017, we said:

"If such notice is not given, the State Industrial Commission is authorized (1) to excuse the statutory written notice for the reason that it could not be given by the injured person; (2) for the reason that the employer has not been prejudiced by a failure to give the statutory written notice. It is apparent that it is not necessary in this state for the State Industrial Commission to make any finding regarding actual notice. It therefore becomes immaterial whether or not the finding that within 30 days after the injury the employer had actual knowledge of the accident is supported by any competent evidence."

See, also, Producers Pipe & Supply Co. et al. v. Clevenger et al., 198 Okla. 601, 180 P. 2d 667; Fischer-Kimsey Co. et al. v. King et al., 196 Okla. 92, 162 P. 2d 519.

The purpose of the statute requiring that the employee give written notice of his injury is to furnish prompt information to the employer in order that he may make a proper and timely investigation of the accident in order to determine the cause, nature and extent of the injury and in order that he might furnish prompt medical treatment to prevent or minimize resulting disability. Gulf Oil Corp. v. Kincannon et al., 203 Okla. 95, 218 P. 2d 625; Fischer-Kimsey Co. et al. v. King et al., supra.

Payment of compensation was resisted by petitioners upon the ground, among others, that the condition of respondent's eye was not caused by the truck accident but was caused by disease contracted some time prior thereto. The evidence shows that the accident occurred on the 30th day of May, 1949. Respondent testified that, on the 25th day of August, after having ascertained that the condition of his eye was due to the truck accident and, after the 30-day period provided by statute for giving written notice had expired, he informed the superintendent of petitioner Jones that, as a result of the truck accident, he had sustained the entire loss of vision of his right eye. The hearing before the trial commissioner was begun the 29th day of September, 1949, and concluded on the 3rd day of March, 1950.

The record discloses that petitioners had ample time after having received notice of the injury and before the time set for hearing to make a complete and thorough investigation as to the cause, nature and extent of the injury and that they did make such investigation. The record discloses that no more thorough or complete showing could have been made by petitioners

as to this phase of their defense than has been made, had they received written notice of the injury within the 30-day period provided by statute. It is clear therefore that petitioners suffered no prejudice in this respect by reason of the failure of respondent to give written notice.

It is further contended by petitioners that the failure to give them timely written notice of the injury deprived them of the opportunity to furnish proper and prompt medical treatment or surgery, and had such treatment or surgery been promptly applied, respondent's eye could have been saved.

In this respect Dr. Guthrie testified that he first saw and examined respondent on the 25th day of August, 1949; that he was then suffering from an injury to his right eye consisting of a detached retina which means a separation of the inner lining of the eyeball from the other part of the eye. The doctor further testified that no kind of medical treatment and no diligence upon the part of petitioners' could have saved the eye. He testified that had they been given written notice of the injury to the eye the next day following the accident, neither medical treatment nor surgery could have prevented the loss of the eye. In this respect the doctor is, to a certain extent, corroborated by Dr. Coston. The doctor further testified that in his opinion the loss of respondent's eye was due to the truck accident.

While there is medical evidence to the contrary, it was within the province of the commission to accept the evidence of Dr. Guthrie in preference to the evidence of other medical experts. If, then, the evidence of Dr. Guthrie be accepted as true and correct, petitioners could in no manner have been prejudiced by the failure of respondent to give the written notice because they were thereby deprived of the opportunity to furnish prompt medical treatment.

We conclude that the evidence is sufficient to sustain the finding of the commission that petitioners suffered no prejudice by failure of respondent to give the statutory written notice of the injury and that the evidence is in all respects sufficient to sustain the award.

Award sustained.

ARNOLD, C. J., LUTTRELL, V. C. J., and WELCH, CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., concurs in result.