**UNITED SUPPLY COMPANY et al.,
Petitioners,**

v.

**Delmar Huron LEWELLEN and the State
Industrial Commission of the State of
Oklahoma, Respondents.**

No. 36518.

Supreme Court of Oklahoma.

Nov. 16, 1954.

Truman B. Rucker, B. W. Tabor, G. G. Cox, Robert L. Shepherd, Tulsa, for petitioners.

George W. Gay, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is a proceeding by United Supply Company and its insurance carrier to review an award of the State Industrial Commission awarding compensation for temporary total disability to respondent Delmar Huron Lewellen.

Respondent on the 4th day of September, 1953, filed his claim for compensation in which he states that on the 15th day of May, 1953, while in the employ of peti-

tioner United Supply Company he sustained an accidental injury to his left foot resulting in a fracture of the foot. The accident was caused by a 2½ x 6 inch pin dropping out of an equalizer and falling on his foot and that as a result of the fracture infection developed which made it necessary to amputate the leg below the knee. He did not give written notice of the injury within the 30-day period provided by statute.

The trial commissioner to whom the case was assigned at the close of the evidence in substance found that respondent on May 15, 1953, while in the employ of petitioner, United Supply Company, sustained an accidental personal injury to his left great toe and left foot; that as a result of such injury he was temporarily totally disabled from July 28, 1953 to February 15, 1954 for which he is entitled to compensation for 28 weeks at the rate of $25 per week or a total sum of $704.17, and retained the case for further hearing as to the extent, if any, of permanent disability. The commissioner further found that respondent did not give written notice of his injury within the 30-day period provided by. statute but that the petitioners had actual notice of such injury and were therefore not prejudiced by failure of respondent to give them written notice and upon such finding entered an award awarding respondent compensation for temporary total disability accordingly. The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award and rely for its vacation on the ground that the finding of the Commission as to actual knowledge and that petitioner suffered no prejudice by reason of the failure of respondent to give them written notice is not supported by the evidence. The award is not otherwise challenged.

Respondent in his own behalf testified in substance: He sustained an injury to his left foot in the time and manner stated in his complaint. Prior to the time he sustained his injury he had some trouble with his left toe which a doctor had been treating. About an hour after he sustained his injury he informed his employer's foreman that he had an accident; that a pin from an equalizer fell on his left foot and he thought he was lucky in that his foot had not been injured as a result of the accident. The foreman told him to watch the foot. It did not appear at the time that his foot was injured as a result of the accident. He continued to work but several days thereafter he felt pain in his foot. It gradually grew worse and about a week thereafter he told the foreman that his foot had been hurting him and that he wanted to see a doctor. The foreman gave him the name of a radiologist who he said had removed a cancer from his lip but did not tender him medical treatment. He did not go to the radiologist but later and about July 1st he went to a doctor of his own selection who examined him and informed him that he had suffered a fracture of his left foot, that infection had developed and it would be necessary to amputate the left toe. Infection however continued to spread and his left leg was later amputated below the knee.

We think the information conveyed to employer's foreman by respondent immediately after he sustained his injury, the reply of the foreman when considered in connection with the information furnished the foreman a week later was sufficient to impart notice and knowledge to his employer that he claimed to have sustained an injury to his foot as the result of the accident occurring May 15, 1953, and sufficient to sustain the finding of the Commission as to actual notice. Shell Oil Co., Inc., v. Thomas, 202 Okl. 190, 211 P.2d 263; Armour & Co. v. Moore, Okl., 270 P.2d 303.

Petitioners further contend that the evidence is insufficient to support the finding that they suffered no prejudice by reason of respondent's failure to give them timely written notice. We have heretofore held that the finding of the Commission supported by the evidence that the employer within the 30-day period provided by statute had actual knowledge of an injury sustained by an employee is sufficient to justify the fur-

ther finding of "no prejudice" in the absence of a showing by the employer or the insurance carrier to the contrary. Jones v. Oliver, 204 Okl. 164, 228 P.2d 173; Shell Oil Co., Inc., v. Thomas, supra.

Petitioners contend that the evidence offered by them affirmatively establishes that they were prejudiced by the failure of respondent to give them timely written notice. They refer to the medical evidence in support of this contention.

 The weight of the medical evidence establishes that as a result of the accident occurring on May 15, 1953, respondent's left foot was fractured; that as a result of the fracture infection developed which made it necessary to amputate his left great toe and thereafter his left leg below the knee. There is also medical evidence to the effect that if respondent's foot had been properly and promptly treated immediately after he sustained his injury his leg and toe could have been saved. Based on this evidence petitioners assert that by reason of the failure of respondent to give written notice as provided by statute they were deprived of the opportunity to furnish him proper and immediate medical attention which would in all probability have saved his toe and foot. We do not agree. We think the evidence above detailed is sufficient to sustain the finding of the Commission that respondent's employer had actual notice that he claimed to have sustained an injury to his foot as a result of the accident occurring on May 15, 1953, as early as one week after the accident occurred but, notwithstanding such knowledge they failed to tender him medical treatment or make any effort to have him medically treated. Petitioners' contention in this respect cannot be sustained. We have many times held where there is competent evidence reasonably tending to sustain the finding that the employer or the insurance carrier, as the case may be, has not been prejudiced by failure to give the statutory written notice and the trial commissioner, or the State Industrial Commission, has excused the giving of the statutory written notice on that ground, the award will not be vacated for failure to give the notice required in the time and manner prescribed. Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234; Shell Oil Co., Inc., v. Thomas and Jones v. Oliver, supra, and numerous other cases.

Award sustained.