**CITY OF ARDMORE, Oklahoma, a Municipal Corporation, Petitioner,**

v.

**Roy WICKWARE and the State Industrial Commission, Respondents.**

No. 37101.

Supreme Court of Oklahoma.

May 29, 1956.

H. A. Ledbetter, Ardmore, for petitioner.

Harold Springer, Ardmore, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding brought by petitioner, City of Ardmore, Oklahoma, a Municipal Corporation, to review an award of the State Industrial Commission in favor of respondent, Roy Wickware, hereinafter referred to as claimant.

To vacate the award, it is first urged by petitioner that the Commission was without authority to enter an award while there was an outstanding order of the Commission directing claimant to submit to a medical examination by a physicain designated by the Commission, and with which order the claimant had failed to comply.

Our attention is invited to 85 O.S.1951 § 25, which provides that if an employee refuses to submit himself to an examination as requested by the Commission, his right to prosecute any proceedings under the Workmen's Compensation Act shall be suspended.

The record in this regard discloses that after hearings were held on the claim and medical evidence was submitted by both claimant and the petitioner, the claim was submitted for an order on May 24, 1955 by stipulation of the parties. Thereafter, on July 21st, the trial judge entered the order in question directing claimant to appear before a neutral physician on a specified date for an examination at the expense of the petitioner. Claimant did not appear for the examination on the specified date for the reason that petitioner had refused to pay the travel expense. On July 28th, petitioner's attorney advised the Commission by letter that, in his opinion, the Commission was without authority to order the petitioner to pay such expense. On August 1st, the Commission entered the order for permanent disability which the petitioner herein seeks to vacate.

It does not appear that the petitioner had requested the examination which had been ordered by the Commission or that it deemed such examination necessary to its defense of the claim, since it had previously joined in a stipulation submitting the claim for the order of the Commission. It is not shown that the rights of the petitioner were in any way prejudiced by the failure of claimant to appear for the examination and the Commission was authorized, under these circumstances, to waive compliance with such order.

It is next urged that the Commission was without jurisdiction to enter an award because of claimant's failure to give written notice of his injury within thirty days thereafter in compliance with sec. 24 of the Workmen's Compensation Act.

The Commission found that such notice was not given, but that the petitioner had actual notice thereof and was not prejudiced by claimant's failure to give such written notice.

If petitioner had actual knowledge of the injury, it was only through its foreman and superintendent.

The evidence showed that claimant was employed by the City of Ardmore in the water department, and on October 23, 1954, the date of his injury, he had been using a jack hammer in breaking out a section of concrete paving preparatory to installing a larger water line. He was injured while loading the jack hammer into a truck. The only other person near the claimant at the time was Sam Williams, a fellow employee, who testified that he saw claimant load the jack hammer and that immediately thereafter the claimant said, "That hurt me."

Claimant continued to work but suffered from pain in his back. About two days after his injury he informed his foreman of the circumstances of the injury. He also informed Oliver Lee Todd, who testified that he was employed by petitioner as the superintendent of the water department, and that about the latter part of October he noticed claimant limping and asked him if he was hurt; that claimant

replied: "Well, I think I strained my back. I threw the jack hammer upon the back of the truck about three or four days ago and I think I hurt my back. I believe it will get all right though."

Claimant continued to suffer with his back and he sought medical treatment on his own accord, going first to Dr. R. and later to Dr. K., all of which was known to the water superintendent and the foreman. On December 3rd, Dr. R. sent a medical report of his examination of the claimant to the city engineer advising the circumstances of claimant's injury.

On December 6th, claimant was sent for an examination to Dr. C. by the city attorney, and on December 14th, claimant filed his first notice of injury and claim for compensation.

█ It is contended by petitioner that a foreman's knowledge of an injury to an employee working under his supervision is not knowledge of the employer. The weight of authority however, does not support petitioner's contention. In 78 A.L.R. at page 1264, it is stated:

"It is generally held that a foreman's knowledge of an accident or injury is the knowledge of the employer so as to dispense with a formal notice."

This court considered the question here involved in the case of Olson Drilling Co. v. Tryon, 150 Okl. 18, 300 P. 663, 665, wherein the court said in the body of the opinion:

"There is competent evidence in the record to show that the respondent Jim Tryon notified the driller [foreman] that the shrill noise from the escaping steam was injuring his hearing and requested medical attention. There is also competent evidence in the record that it was the duty of the driller to report accidents to the company. The Industrial Commission found from the evidence that the [petitioner] through its agent, had actual notice of the accident."

In United Supply Co. v. Lewellen, Okl., 276 P.2d 764, 765, the only evidence to show lack of prejudice was evidence of actual knowledge through the employer's fore-man. In upholding the Commission's finding that the employer was not prejudiced because it had actual knowledge, the court said in the body of the opinion:

"We think the information conveyed to employer's foreman by respondent immediately after he sustained his injury, the reply of the foreman when considered in connection with the information furnished the foreman a week later was sufficient to impart notice and knowledge to his employer that he claimed to have sustained an injury to his foot as the result of the accident occurring May 15, 1953, and sufficient to sustain the finding of the Commission as to actual notice."

█ It seems logical to hold that a foreman under whom an employee works and from whom he receives his orders and instructions, and to whom the proper management of the employer's work is entrusted, must be considered the agent of the employer. However, in the instant case, there is ample evidence to support the Commission's finding of "no prejudice" aside from the question of actual knowledge.

█ The purpose of the statute requiring that the employee give written notice of his injury is to furnish prompt information to the employer in order that he may make a proper and timely investigation of the accident in order to determine the cause, nature and extent of the injury, and in order that he might furnish prompt medical treatment to prevent or minimize the resulting disability. Jones v. Oliver, 204 Okl. 164, 228 P.2d 173.

All of the witnesses who had any knowledge of the claimant's injury or the attending circumstances, were available for questioning by the employer after the statutory notice was given and the employer was not prevented from making a full and complete investigation thereof. Only a short time elapsed between the expiration of the 30-day period and the date of giving statutory notice of the injury. During that period the claimant was under the observation of physicians of his own selection. The evidence does not indicate that the recommended medical treatment for claim-

ant's injury would have been more effective in reducing the disabling effects of the injury if it had been administered prior to the expiration of the 30-day period.

█ Petitioner's final contention that the evidence was insufficient to show that claimant was engaged in a hazardous employment as defined by sec. 2 of the Workmen's Compensation Act is without merit in view of the undisputed evidence that he was employed in the city water department and at the time of his injury he was engaged in installing a water line. Payton v. City of Anadarko, 179 Okl. 68, 64 P.2d 878.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and HUNT, JJ., concur.