**FRISCO TRANSPORTATION COMPANY,**
Own Risk, Petitioner,

v.

**STATE INDUSTRIAL COMMISSION and**
**E. A. Hellard, Respondents.**

No. 38667.

Supreme Court of Oklahoma.

Nov. 3, 1959.

James L. Homire, St. Louis, Franklin & Harmon, Oklahoma City, for petitioner.

Young, Young & Young, Sapulpa, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On December 13, 1957, E. A. Hellard, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Frisco Transportation Company at its terminal in Tulsa, Oklahoma, he sustained an accidental injury arising out of and in the course of his employment on October 22, 1957. An award was entered for 20% permanent partial disability to the body as a whole due to a back injury, and this proceeding is brought by the employer, own risk, hereinafter called petitioner, to review the award.

The Commission made a finding on the issue of notice as follows:

"That the respondent did have actual notice thereof by and through its agents and officers who were superior to the claimant and by reason of which they were not prejudiced by his failure to give the statutory 30-day notice."

The cause and extent of the disability is not made an issue by the petitioner. The sole issue presented by petitioner is the asserted error in excusing the giving of the statutory written notice required by 85 O.S. 1951 § 24.

Claimant testified that on October 22, 1957, he was lifting some heavy boxes of generators from a trailer to the dock of the freight terminal and strained his back. Ellis Campbell, checker, was the only employee in the trailer at the time of the accidental injury. Claimant does not know whether Campbell was actually in the trailer or saw the accident, because Campbell was in and out of the trailer during the time. Medlock, his foreman, was not present at the time but was somewhere on the dock. Claimant told the checker his back was hurting. Claimant got down on his knees and finished the job. The employees helped claimant with his work, and he did light work, like pushing wheelers, the rest of the day. He did no more lifting. He went to a doctor who gave him shots and pills, and on November 19, 1957, was operated by Dr. W.

The petitioner did not introduce any witness and claimant took the deposition of Mullenax, the Tulsa terminal manager, and claimant's foreman, Medlock. Medlock testified that although claimant told him his back hurt him so bad he could not work, he never told him he sustained an accidental injury by lifting the generators. Medlock informed Mullenax that claimant's back was hurting, and Mullenax told Medlock if claimant was hurting too much to work that claimant should go home and rest until he was able to work. Claimant did not quit work. Medlock testified that up until October 22, 1957, when claimant complained of hurting his back, he had done his work in a satisfactory manner. On cross-examination Medlock stated that before this date claimant sat around quite a bit on the job and complained of his back.

Mullenax supported substantially the testimony of Medlock as to what happened before and after October 22, 1957.

Claimant was discharged with several other employees between October 25, 1957 and November 1, 1957; the reason given by Mullenax was that it was necessary to reduce the working force. Claimant had been employed continuously by petitioner since September 2, 1952. He quit work for the employer on Ocober 25, 1957 and has never returned to work.

Petitioner cites Norman Steam Laundry v. State Industrial Commission, 160 Okl. 107, 16 P.2d 92; Empire Pipe Line Co. v. Morgan, 185 Okl. 82, 90 P.2d 389, and other cases. These cases hold, in effect, that actual notice is such notice or information within the statutory period of time as would have been obtained by the employer had the claimant given the statutory written notice. Quite a number of cases hold such actual notice or knowledge authorizes the excusing of the giving of the statutory written notice. Shell Oil Co., Inc. v. Thomas, 202 Okl. 190, 211 P.2d 263.

■ If there has been no actual notice or knowledge within the said thirty day period, the statutory written notice may be excused (1) on the ground that for some reason it could not be given; or (2) on the ground that the employer or insurance carrier, as the case may be, has not been prejudiced by a failure to give the statutory written notice. City of Ardmore v. Wickware, Okl., 297 P.2d 1088; Jones v. Oliver, 204 Okl. 164, 228 P.2d 173.

■ We think it unnecessary to determine whether the evidence reviewed above is sufficient to sustain the finding that the employer had actual notice or knowledge. The evidence introduced by petitioner by way of cross-examination, which tended to disclose that Medlock was not told by claimant that he sustained an accidental injury when he lifted the generator boxes, furnishes evidence from which the State Industrial Commission could find that petitioner was not prejudiced by a failure to give the statutory written notice. There were fifty-one days between the accidental injury and the filing of the claim. The only prejudicial event of any substance pointed out by petitioner is the operation by Dr. W on November 19, 1957. This was three days before the last day on which the statutory written notice could have been given.

Where the filing of a claim comes only a few days after the thirty day period we have held this in itself would support a finding that the employer was not prejudiced in the absence of a showing to the contrary. City of Ardmore v. Wickware and Jones v. Oliver, supra.

In Nelson Electric Mfg. Co. v. Cartwright, Okl., 277 P.2d 163, 166, it is stated:

"It is not necessary that the evidence show, or the Commission find, that the employer had received actual notice of the injury within the 30-day period in order to justify excusing failure to give such notice on the ground that the employer suffered no prejudice thereby, where justification is otherwise established; and in such case, it is immaterial that the evidence may not be sufficient to sustain the finding that the employer had received actual notice of the injury within the 30-day period. * * *"

It is then stated:

"The record discloses that respondent's claim was filed September 2, 1952, and petitioner received written notice thereof several days thereafter. The case came on for hearing before the Commission on the 7th day of March, 1953. It will thus be seen that petitioners had approximately six months after receiving notice of the injury to make a complete and thorough investigation as to the cause, nature and extent of respondent's injury with resulting disability, and to afford medical treatment. * * *"

See also Massachusetts Bonding & Ins. Co. v. Welch, 195 Okl. 636, 159 P.2d 1017; and Fischer-Kimsey Co. v. King, 196 Okl. 92, 162 P.2d 519.

In Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234, 237, it is stated:

"We therefore hold that where there is competent evidence to sustain the finding that the employer has not been prejudiced by a failure to give the statutory written notice and the State Industrial Commission has excused the giving of the statutory written notice on this ground this court will not disturb the award, otherwise properly entered, simply because in excusing the giving of the statutory written notice the State Industrial Commission has stated that the employer has had 'actual notice'."

There is competent evidence reasonably tending to support the finding that petitioner was not prejudiced by failure to give the statutory written notice.

■ In a cross-petition claimant argues that the trial judge found 30% permanent partial disability and that was improperly changed to 20% by the Commission en banc on appeal. There is a conflict in the evidence as to the extent of disability caused by the accidental injury,

The State Industrial Commission has a right to fix the permanent partial disability within the range of the medical evidence. Ridenour v. Van Pick Oil Co., Okl., 289 P.2d 135; Skelly Oil Co. v. Admire, Okl., 293 P.2d 349; and Mead Bros., Inc. v. Watts, 135 Okl. 23, 273 P. 207.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., concurs in the result.