ED SMITH PLUMBING AND HEATING. COMPANY, Mid-Continent Casualty Company, Petitioners,

v.

A. C. WILLIAMS and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38587.

Supreme Court of Oklahoma.

Nov. 17, 1959.

Rehearing Denied Dec. 22, 1959.

**810**

Covington, Donovan & Gibbon, by A. M. Covington, Tulsa, for petitioners.

Kelsie C. Beauchamp, Jr., Duncan, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

On the 10th day of September, 1958, A. C. Williams, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that on the 8th day of August, 1958, while employed by Ed Smith Plumbing and Heating Company, he sustained an accidental injury arising out of and in the course of his employment. An award was made for temporary total disability. This proceeding is brought by the employer and its insurance carrier, Mid-Continent Casualty Company, hereinafter called petitioners, to review the award.

Claimant testified that on August 6, 1958, he was working as a pipe fitter when he injured his back while lifting a pipe threading machine. He worked the rest of the day, although he suffered pain from his injury. The next night after work he told Mr. Smith, the owner, he would not work the next day. He stated in answer to a question by petitioners that he did not notify the employer that he had injured himself on the pipe threading machine. Petitioners denied there was any accidental injury, and raised the issue of the failure to give the statutory written notice provided by 85 O.S.1951 § 24.

On the proceeding to review the petitioners have abandoned the question of fact as to the accidental injury, and present the sole issue that the State Industrial Commission erred in excusing the giving of the statutory written notice.

85 O.S.1951 § 24 provides that the State Industrial Commission may excuse the giving of the statutory written notice on the ground (1) that for some reason the notice could not be given; (2) on the ground that the employer or the insurance carrier, as the case may be, has not been prejudiced by the failure to give the statutory written notice. The State Industrial Commission found that the employer had actual notice and was not prejudiced by a failure to give the statutory written notice.

We have considered the excusing of the giving of the statutory written notice in the following cases: Jones v. Oliver, 204 Okl. 164, 228 P.2d 173; Nelson Electric Mfg. Co. v. Cartwright, Okl., 277 P.2d 163, and City of Ardmore v. Wickware, Okl., 297 P.2d 1088. It is not necessary to make a finding as to actual notice in order to excuse the giving of the statutory written notice. Jones v. Oliver, supra; Nelson Electric Mfg. Co. v. Cartwright, supra; and Massachusetts Bonding & Ins. Co. v. Welch, 195 Okl. 636, 159 P.2d 1017.

In Jones v. Oliver, supra, it was stated the evidence was insufficient to show actual knowledge of the accidental injury within the thirty day period. Therein it is stated:

"We have heretofore held that a finding of the Commission supported by the evidence that the employer

within the 30 day period provided by statute for giving written notice had actual knowledge of an injury may be sufficient to justify the further finding of 'no prejudice,' in the absence of a showing by the employer or insurance carrier to the contrary. Gulf Oil Corp. v. Garrison, 183 Okl. 631, 84 P.2d 12; Shell Oil Co., Inc. v. Thomas, 202 Okl. 190, 211 P.2d 263.

"It is however not essential that the evidence show or the Commission find that the employer or insurance carrier had received actual notice of an injury within the 30 day period, in order to justify it in excusing the failure to give the written notice on the ground that neither the employer nor the insurance carrier were prejudiced thereby, where justification is otherwise established." [204 Okl. 164, 228 P.2d 175.]

In Nelson Electric Mfg. Co. v. Cartwright, supra, [277 P.2d 166] it is stated:

"It is not necessary that the evidence show, or the Commission find, that the employer had received actual notice of the injury within the 30-day period in order to justify excusing failure to give such notice on the ground that the employer suffered no prejudice thereby, where justification is otherwise established; and in such case, it is immaterial that the evidence may not be sufficient to sustain the finding that the employer had received actual notice of the injury within the 30-day period. * * *"

In City of Ardmore v. Wickware, supra, the claim was filed a few days after the thirty day period had expired. Therein the court stated:

" * * * However, in the instant case, there is ample evidence to support the Commission's finding of 'no prejudice' aside from the question of actual knowledge.

"The purpose of the statute requiring that the employee give written notice of his injury is to furnish prompt information to the employer in order that he may make a proper and timely investigation of the accident in order to determine the cause, nature and extent of the injury, and in order that he might furnish prompt medical treatment to prevent or minimize the resulting disability. Jones v. Oliver, 204 Okl. 164, 228 P.2d 173.

"All of the witnesses who had any knowledge of the claimant's injury or the attending circumstances, were available for questioning by the employer after the statutory notice was given and the employer was not prevented from making a full and complete investigation thereof. Only a short time elapsed between the expiration of the 30-day period and the date of giving statutory notice of the injury. * * *" [297 P.2d 1091.]

We think the language used in the latter case is particularly applicable here. There is no showing that anything could have been done on the thirtieth day, if the statutory written notice had been given, that could not have been done the thirty-fourth day. In fact the employees who worked with claimant gave written reports detailing in full the circumstances of the employment on the date of the alleged accidental injury. There is no showing that any prejudice resulted from the filing of the notice four days late. There is competent evidence reasonably tending to support the finding of the Commission that the employer was not prejudiced by failure to give the statutory written notice.

In Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234, 237, it is stated:

"We therefore hold that where there is competent evidence to sustain the finding that the employer has not been prejudiced by a failure to give the statutory written notice and the State Industrial Commission has excused the giving of the statutory written notice on this ground this court will not disturb the award, oth-

erwise properly entered, simply because in excusing the giving of the statutory written notice the State Industrial Commission has stated that the employer has had 'actual notice.' "

Award sustained.