UNITED BUILDERS COMPANY and Mid-Continent Casualty Company, Petitioners,

v.

Garry Lane WADE and State Industrial Court, Respondents.

No. 39573.

Supreme Court of Oklahoma.

Oct. 17, 1961.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Butler, Rinehart & Morrison, Oklahoma City, for respondents.

JACKSON, Justice.

In the early part of October, 1959, claimant, Garry Lane Wade, was allegedly injured while in the employ of United Builders Company. At the time he did not think that his injury was "anything serious", and he lost no time for work. However, in March, 1960, he consulted a physician, after which (on March 28) he notified the United Builders Company of his injury by letter. Thereafter the insurance carrier furnished him with medical treatment and paid him for temporary total disability for five weeks. These payments were stopped on May 3, 1960, and on May 11, 1960, Wade filed his first notice of injury with the State Industrial Court. The employer and insurance carrier filed an answer alleging, among other things, that the employee had not given the proper statutory notice of injury within 30 days as required by 85 O.S. Supp.1959 § 24, and that the medical treatment had been furnished, and the temporary total disability benefits paid, under a "mistaken set of facts".

After several hearings an award was entered in favor of the claimant, said award containing a finding excusing the failure to give written notice for the reason that no prejudice resulted to the employer and insurance carrier.

Employer and insurance carrier, hereinafter called petitioners, bring this proceeding to review the award, saying in their brief that "the sole ground of appeal in this case is notice".

The first proposition argued is that "the claimant has not met the statutory obligations as to Notice and the trial judge's Order so finding is incorrect". We construe this proposition as being an argument that the finding of lack of prejudice is not supported by any competent evidence.

In this connection, we note that 85 O.S. Supp.1959 § 24, after making the requirement as to written notice within 30 days, concludes with the following sentence:

"The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be has not been prejudiced thereby, shall be a bar to any claim under this Act."

The purpose of the requirement regarding written notice was explained by this court in the body of the opinion in Holt v. Gillette Motor Transport, Okl., 293 P.2d 616, 618, as follows:

"The purpose of the statute requiring the employee to give written notice of his injury is to furnish his employer prompt information in order that he may make a timely investigation of the accident in order to determine the nature and extent of the injury and to provide prompt medical treatment to prevent or minimize resulting disability."

Claimant's testimony was that at the time of the accident, he was engaged with three other workmen in moving a large concrete chute, about 20 or 30 feet long. One of the men slipped, and claimant suddenly found himself bearing the entire weight at the point where he held the chute. He "noticed an awful strain". He testified that the labor foreman was "always around" and that the next day when he returned to work he told the Union Steward and several other employees who were on the job. About three weeks later, while shoveling concrete, he told his labor foreman. "I couldn't have done this here the other day. I was hurting too bad."

■ The record in this case shows that the employer's first substantial notice of the accident from claimant was by letter dated March 28th; that he was examined by a physician on behalf of the insurance carrier on April 26th; that insurance carrier furnished him medical and hospital treatment from April 26th to May 6th; that insurance carrier paid him for temporary total disability for five weeks ending on May 3rd; and that the employee filed his claim with the State Industrial Court on May 11th. The first hearing was had in this case on June 9th, and it was not finally disposed of for some six months thereafter. We also find that petitioners concede in their brief that they were able to make a complete investigation of the case prior to the time the claim was first filed.

We think the above is competent evidence that petitioners in this case were able to make a timely investigation of the accident in order to determine the nature and extent of the injury, and that the finding in the award that no prejudice resulted from the failure to give written notice within 30 days is based on competent evidence. In considering a very similar contention in Jones v. Oliver, 204 Okl. 164, 228 P.2d 173, 176, this court said in the body of the opinion:

"The record discloses that petitioners had ample time after having received notice of the injury and before the time set for hearing to make a com-plete and thorough investigation as to the cause, nature and extent of the injury and that they did make such investigation. The record discloses that no more thorough or complete showing could have been made by petitioners as to this phase of their defense, than has been made, had they received written notice of the injury within the 30 day period provided by statute. It is clear therefore that petitioners suffered no prejudice in this respect by reason of the failure of respondent to give written notice."

With regard to the second purpose of the statute as set out in Holt v. Gillette Motor Transport, supra, there is no contention in this case that earlier notice would have enabled petitioners to "provide prompt medical treatment to prevent or minimize resulting disability". As a matter of fact, the only defense alleged in the answer filed, aside from the allegation of lack of notice, was that claimant's disability, if any, did not result from the accident concerned. Such being the case, petitioners no doubt would have denied liability and refused medical treatment regardless of how early the notice had been given.

We hold that the finding in the award of the State Industrial Court that no prejudice resulted from the lack of written notice is supported by competent evidence. The first proposition of petitioners is therefore without merit.

■ The second and last proposition argued is that "the trial judge is without authority to find that respondent has waived the giving of written notice and are not prejudiced". This contention arises by reason of the fact that because of the wording and punctuation (or lack of it) in the finding in the award, it can be interpreted as a finding that no prejudice resulted from failure to give the written notice *because* petitioners had waived the giving of the notice by providing hospitalization and paying temporary total disability benefits.

Petitioners argue in this connection that there is no "statutory authority allowing

the trial judge to find that the payment of temporary compensation under a mistake of fact waives the question of statutory notice, or alleviates the claimant's burden to show no prejudice".

Assuming for purposes of argument only that petitioners' interpretation of the finding in correct, we find it unnecessary to pass on this proposition, for the reason that we have already found, in our consideration of the first proposition, that the finding is supported by competent evidence.

A very similar situation was presented to this court in Jones v. Oliver, supra. There, the trial judge found that no prejudice resulted from lack of written notice because the respondents had actual notice of the injury. On review, this court found the evidence wholly insufficient to show actual notice, but found other competent evidence to support the finding, and sustained the award.

Since the award of the State Industrial Court is supported by competent evidence, it will not be disturbed. Jones v. Oliver, supra.

The award is sustained.