**Priscilla HAMILTON, Petitioner,**

v.

**MIDWESTERN INSTRUMENTS, INC., Liberty Mutual Insurance Company, and Oklahoma State Industrial Court, Respondents.**

No. 39742.

Supreme Court of Oklahoma.

May 8, 1962.

G. C. Spillers, Jack R. Givens, Tulsa, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Tulsa, for respondents.

WELCH, Justice.

Our review in the present cause is sought by claimant who was denied an award for failure to "notify" the employer of her injury "within 30 days thereof, as required by law."

According to the record claimant admittedly did not give statutory written notice as provided in 85 O.S.Supp.1959 § 24, but offered proof to show that her employer had actual knowledge of the injury within 30 days of its occurrence. The trial tribunal's order denying compensation recites, as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of her hazardous employment * * * on October 12, 1960, consisting of injury to her left shoulder and neck; that she failed to notify the respondent (employer) *of*

*said injury within 30 days thereof as required by law,* and her claim for compensation * * * is therefore barred. * * *"

█ The law is settled that where claimant fails to give statutory written notice, but offers competent evidence of "actual notice" to the employer within 30 days of the injury for which benefits are sought, the trial tribunal is required to make a finding of prejudice, or a factual determination that adequate actual notice was not given, as a basis for its denial of an award. Nunnery v. Beatrice Foods Company, Okl., 340 P.2d 236. Assuming, arguendo, that claimant did produce "competent evidence" of "actual notice" so conveyed to the employer, as she urges here in her first proposition on review, we must determine at the outset whether the trial tribunal's determination as made complies with the requirements enunciated in the Nunnery case.

█ Since it stood undisputed that claimant did not give written notice, the only issue formed before the trial tribunal was the factum and adequacy of "actual notice." When considered in the light of the issue so submitted, it is unmistakable that the language employed in the order is amply sufficient to constitute a finding negating the factum of an adequate verbal notification to the employer within the requisite 30-day period. The finding as made is therefore responsive to, and dispositive of, the sole adjudicatory fact tendered by the evidence. Wadley v. American Window Glass Company, Okl., 341 P.2d 564, 566.

█ The trial tribunal did not make a finding of prejudice, and its order rests solely upon the specific determination that no verbal or actual notice was imparted. In this state of the record, the decisive issue on review is whether the finding negating any "notification" within 30 days after injury is supported by competent evidence. We think not.

As disclosed by claimant's testimony, her injury to the neck and left shoulder was sustained during the second week of October, 1960. The accident happened while she was pulling the "shield wires and the cable wire" through a five-eighths inch tubing. The wire suddenly broke, or snapped, causing her neck to be "jerked." The day after the accident she told her "lead lady," or overseer, that she had "hurt her neck and left shoulder from pulling cables." Claimant also exhibited to the "lead lady" the affected portions of the body. Ten days or two weeks after the injury claimant reported her injury to a Mr. Pate, who was one of employer's officials. Within two weeks after the accident claimant reported her injury to the company nurse.

According to the "lead lady," (who was produced as a witness for the claimant), claimant *did complain* to her about an injury to the neck and left shoulder, stating that the swelling in those portions of the body "was caused by pulling the cables." She did not remember whether claimant had said that her injury was due to the snapping of a wire. Nor did the lead lady remember when claimant reported the injury. She was certain, however, that she learned about it either in October or November. However, the lead lady's testimony clearly shows that she saw claimant's shoulder before there was a lump or "a puffed up" spot on it; according to undisputed proof, the lump developed within a few days after the accident.

Claimant's testimony is corroborated by that of her fellow employee who stated that claimant had complained of pain and exhibited to her a swelling on the shoulder.

The evidence as outlined stands undisputed. Neither Mr. Pate, the company official, the lead lady nor the nurse, *denied* the factum of actual knowledge conveyed to them by the claimant within 30 days after the alleged injury. Mr. Pate and the nurse did not testify in the proceedings, and the "lead lady's" version of the facts

tends to corroborate rather than to contradict claimant's own testimony.

While another company official, testifying for the claimant, stated that he did not have any knowledge of the accident in question until after claimant sustained another injury to her chin (which was reported on December 6, 1960), the testimony so given did not raise a disputed issue of fact as to the giving of "actual notice." Claimant did not maintain that her injury was reported to any one in an official capacity other than the "lead lady," Mr. Pate and the nurse. Nor is it disputed that Mr. Pate and the lead lady were the proper persons to whom employees were directed to report their injuries.

The law is settled that a foreman's or overseer's knowledge of an accident or injury constitutes the knowledge of the employer so as to dispense with a formal notice. City of Ardmore v. Wickware, Okl., 297 P.2d 1088.

We are unable to agree with the employer's argument that: (a) the testimony is insufficient to show notice to the lead lady within 30 days after accident; and (b) the lead lady did not learn from claimant that her injury to the neck and shoulder was "sustained while working." The lead lady did not deny receiving notice within thirty days after injury and her testimony clearly indicates that she must have seen the injured areas of claimant's body within a few days after the accident. It is likewise undisputed that claimant did tell the lead lady her injuries were "caused by pulling cables." Moreover, the record stands unrefuted that claimant reported the accident to Mr. Pate "within 10 days to two weeks" after its occurrence.

There is therefore undisputed evidence that the employer had adequate actual knowledge of claimant's injury within 30 days from its occurrence. United States Gypsum Co. v. State Industrial Commission, Okl., 307 P.2d 135, 137; see also, Oklahoma Gas & Electric Co. et al. v. Hunsicker et al., 178 Okl. 565, 63 P.2d 21; Armour & Co. v. Moore, Okl., 270 P.2d 303, 306; United Supply Company v. Lewellen, Okl., 276 P.2d 764, 765; Shell Oil Co. v. Thomas, 202 Okl. 190, 211 P.2d 263, 265.

The trial tribunal's finding as to claimant's failure to verbally "notify" the employer of her injury within 30 days from its occurrence is unsupported by any competent evidence. It follows as a matter of law that there is no basis upon which to rest an order denying compensation. Nunnery v. Beatrice Foods Company, supra; see also, Monday v. Concho Sand & Gravel Company, Okl., 332 P.2d 965; Bowling v. Blackwell Zinc Co., Okl., 357 P.2d 1009.

Order denying compensation for failure to "notify" employer of the accidental injury is accordingly vacated.

WILLIAMS, C. J., BLACKBIRD, V. C. J. and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.