Priscilla **HAMILTON**, Petitioner,

v.

**MIDWESTERN INSTRUMENTS, INC.**, Liberty Mutual Insurance Company, and Oklahoma State Industrial Court, Respondents.

No. 40584.

Supreme Court of Oklahoma.

Oct. 20, 1964.

Spillers, Spillers & Givens, Tulsa, for petitioner.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, for respondents.

JACKSON, Justice.

This is an original proceeding to review an order of the State Industrial Court denying an award of compensation to Priscilla Hamilton, claimant, as against the respondents, Midwestern Instruments, Inc., and Liberty Mutual Insurance Company. An earlier order denying an award because of lack of notice to the employer was vacated for further proceedings on review in this court; see Hamilton v. Midwestern Instruments, Inc., Okl., 371 P.2d 484.

On February 8, 1961, claimant filed her first notice of injury and claim for compensation in which she alleged that she had suffered an accidental injury consisting of a strain to her left shoulder and neck in

the course of her employment on October 12, 1960. She had left Midwestern's employment, or had been discharged, on January 17, 1961.

Hearing was had on April 27, 1961, after which the trial judge found that statutory notice of the injury had not been given, and an award was denied on that ground. This holding was vacated on review in the Supreme Court and the cause was remanded for further proceedings.

After the remand, a second hearing was had on September 18, 1962, at which claimant introduced further medical testimony, and the matter was continued for ten days to permit employer to obtain a physical examination of claimant and to file medical reports. When the reports were not filed within ten days, the trial judge made an award in favor of claimant. This award was vacated on appeal to the court en banc and the cause was remanded to the trial judge "for further consideration".

The third hearing was held on February 21, 1963, at which time further medical reports were offered by both claimant and employer. Employer also offered a transcript of the testimony of claimant in a civil suit for damages arising out of an automobile accident which occurred on December 2, 1954. The testimony of the doctors who testified in the damage suit was offered by claimant.

Thereafter the trial judge entered an order, which was sustained on appeal to the court en banc, providing in pertinent part as follows:

"* * * *

"The Court further finds that the claimant, then named Priscilla Smyers, on December 2, 1954, in the city of Tulsa, County of Tulsa, Oklahoma, was involved in a two car collision, resulting in serious multiple injuries to claimant's head, left shoulder, neck, back, chest and abdomen, * * *.

"The court further finds that on October 12, 1960 * * * claimant sustained an accidental personal injury arising out of and in the course of her hazardous employment with the above named respondent, within the terms and meaning of the Workman's Compensation Law, consisting of an injury to her left shoulder and neck, aggravating the pre-existing condition in her left shoulder and neck residual of her accidental injury of December 2, 1954 * * *; that notwithstanding said injury, claimant continued to work for respondent at her assigned job until January 17, 1961, at which time she quit her said employment."

"The Court further finds that claimant has not as a result of said injury sustained either temporary total disability, temporary partial disability or permanent disability; and her claim for compensation should be denied.

"The Court further finds that claimant's disability if any, and her need for medical treatment after January 17, 1961, is the result of her accidental personal injury incurred December 2, 1954."

■ These findings of the trial judge are attacked in this court by the claimant, and the argument presented consists primarily of a challenge to the sufficiency of the evidence. Claimant argues first that there is no evidence of a pre-existing condition which was aggravated; and, in the alternative, that if there was evidence of a pre-existing condition, that there was no evidence "to show that the petitioner suffered no disability as a consequence".

We therefore examine the record before us with those questions in mind. Dr. R., testifying for claimant, described her injury of October 12, 1960, as a "ligamentous injury of the cervical spine" and a "scalenus anticus syndrome on the left". Dr. W., who examined claimant in consultation with Dr. R., described substantially the same type of injury, adding that it was "definitely localized in the area of the 5th and 6th cervical vertebrae". Although it appears that at this time, Dr. W. had no knowledge

of the 1954 automobile accident, he included the following in his written report:

"It is very possible that this condition could have been pre-existing, however, the patient states that she definitely was not having pain prior to her injury and also the patient was able to work prior to this incident, thus I would be of the opinion that this condition even though it may have been pre-existing was aggravated by the injury described which she received while at work."

The above is competent evidence in support of the finding of the trial judge that claimant had an injury consisting of the aggravation of a pre-existing condition.

On the question of whether disability resulted from the October, 1960, injury, a report of Dr. M., for the employer and insurance carrier, made after the 1962 hearing and after obtaining a history including the 1954 automobile accident, related substantially normal findings on all aspects of the physical examination of claimant with the exception of some "minor osteoarthritic spurring in the posterior aspect of C–6". Dr. M. concluded his report as follows: "But I find nothing that could have resulted from her injury of October, 1960, when she was pulling cables through rubber tubing, and it is my opinion that she has no disability as a result of that accident". In a report dated a few days later, Dr. I. related essentially normal findings and said:

"* * * This patient was difficult to examine. She had complaints so widespread and diffuse in nature, some of which in my opinion are almost unbelievable i. e., pus running out of all ten fingers.
"* * *

"At this time it would seem to me that the patient may well have some residual disability. I feel that this is not related to the injury in question. * * * At this time I felt the patient's symptoms were completely out

of proportion to the injury described and I do not believe that the injury as described is accountable for any of her complaints at this time."

The above is competent evidence in support of the finding of the trial judge that claimant had no disability resulting from the October, 1960, injury.

In an action to review an order of the State Industrial Court, this court will not review conflicting evidence and determine the weight and value thereof, and where an order of the court is supported by competent evidence, the same will not be disturbed by this court on review. Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882.

The order is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.