## FORD MOTOR CO. v. FORD.

No. 18278. Opinion Filed Dec. 20, 1927.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Lack of Statutory Notice to Employer of Injury—Absence of Prejudice Where Actual Notice Given.**

In an action to enforce compensation for an injury to an employee under the Workmen's Compensation Act. where it appears that no written notice of the injury is given, as required by section 7292, C. O. S. 1921. a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury soon after it occurred; and where the employee makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that in spite of such actual notice it is still prejudiced by the failure to give the written notice. (Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 Pac. 820.)

Error from State Industrial Commission.

Action by the Ford Motor Company to review award of workman's compensation to George W. Ford. Modified and affirmed.

Everest, Vaught & Brewer, for plaintiff in error.

McCaffrey & Scanland, for defendant in error.

HEFNER, J, This is an appeal by the Ford Motor Company, a corporation, hereinafter called petitioner, from an order made by the State Industrial Commission awarding compensation to the claimant George W. Ford.

The evidence discloses that on July 1, 1926. the claimant was working for the Ford Motor Company in what is known as the open body department. He claims that while lifting a body he strained his back. After the accident he notified his foreman, and the foreman sent him to the first aid man. He worked some on the day of the accident and continued to work until July 28th, at which time he notified his foreman and the first aid man again. On this date he was told to get his own doctor. On July 29th, claimant was operated on for appendicitis by his own physician. From the operation, it was definite'y established that he did not have appendicitis and that the operating physician had made a wrong diagnosis.

In the 1st day of September, 1926, after the operation for appendicitis, the claimant was again placed on the pay roll of the petitioner. and he continued to work until the 24th day of November, after which time he was not able to work and was under the care of a physician. This was his condition at the time the hearing before the Industrial Commission was had.

The Industrial Commission awarded the claimant the sum of $684, being 38 weeks' compensation due to March 29, 1927. and ordered that payment be continued in the sum of $18 per week for and during the period of disability or until otherwise ordered by the Commission. The award also ordered the petitioner to pay all medical expenses incurred by the claimant as a result of the injury.

The petitioner presents two principal grounds for reversal. It claims, first, that the claimant did not notify it of the injury as is required by law; and second, that there was no evidence introduced before the Commission to sustain the award and finding of the Commission.

In the matter of notice, it seems to us that this court has heretofore decided that issue against the contention of the petitioner. In the case of Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 Pac. 820, this court in the second paragraph of the syllabus said:

"In an action to enforce compensation for an injury to an employee under the Workmen's Compensation Act, where it appears that no written notice of the injury was given as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury soon after it occurred and, with full knowledge of the injury, omitted to administer any relief; and where the employee makes proof of such actual notice of his injury; the burden of proof then shifts to the employer to show that in spite of such actual notice he is still prejudiced by the failure to give the written notice."

In the instant case the petitioner was not served with a written notice, but it had actual notice of the injury soon after it occurred. On the day the accident occurred, the claimant notified his foreman, and the foreman sent him to the first aid man. The claimant worked some on the day of the accident and continued to work until July 28th. On this date he again notified the foreman, and was sent to the first aid man. At this time he was told to get his own doctor.

Under the doctrine laid down in the above case, this notice is sufficient to shift the burden of proof to the employer to show that in spite of such actual notice it is still prejudiced by the failure to give the written notice.

It is next contended by the petitioner that there was no evidence introduced before the Commission to sustain the award of the Commission. In the first paragraph of the syllabus of the case above cited this court said:

"The decision of the Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based."

There was one doctor who testified that, in his judgment, the injury to the kidneys suffered by the claimant was caused by the injury to the back complained of by the claim-

ant. This, in our judgment, is sufficient to sustain the award of the Commission under the authority announced in the Thomas Case, supra.

The Commission's award, however, covers the full period from July 1, 1926, the date of the injury, to March 29, 1927, notwithstanding the fact that the claimant testified that he worked and received full pay from the petitioner for practically all the months of July, September, October, and November, 1926, for all of which months he was awarded compensation by the Commission. Although collecting full wages from the petitioner herein, as we gather from the evidence, the claimant received full compensation for the periods from July 6th to July 28th, inclusive, and from September 1st to November 24th, inclusive.

The award of the Commission, therefore, should be modified to the extent of not allowing compensation for the period of time that the claimant received his wages from the petitioner. With this modification, the award of the Commission is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See Workmen's Compensation Acts —C. J. p. 105, §102; anno. L. R. A. 1917D, 139; L. R. A. 1918E, 562; 28 R. C. L. p. 825; 5 R. C. L. Supp. p. 1579; 6 R C. L. Supp. p. 1764.