**GREIS, Trustee, v. ROUNSIVILLE.**

No. 25821.    June 4, 1935.

Rehearing Denied July 16, 1935.

Rainey, Flynn, Green & Armstrong, John P. Roemer, and M. M. Gibbens, for petitioner.

E. F. Lester, for respondent.

GIBSON, J.   This is an original proceeding to review an award of the State Industrial Commission. The respondent, as claimant, filed with the Commission employee's first notice of injury and claim for compensation on December 8, 1933, in which notice of two accidents was given, "one mashed foot and double partial rupture." The date of the injury to the foot is stated to be "about July 20, 1933," and the date of the accident resulting in double partial rupture is alleged to have occurred on August 19, 1933. In the subsequent trials no evidence relating to the foot injury was offered, and the respondent appears to have abandoned that claim, but the Commission, in making the finding upon which it based its award, finds "the claimant sustained an accidental personal injury on August 19, 1933, being a strain from lifting a pipe, resulting in a left hernia and also injured left foot." If any part of the award made by the Commission was for the injured foot there was no evidence to sustain it.

After hearings on respondent's claim that he had sustained a double partial rupture, the Commission made findings and entered an award in favor of respondent. The pertinent part of the findings of the Commission is as follows:

"1. That claimant, Noah Rounsiville, on August 19, 1933, was in the employ of respondent herein and engaged in a hazardous occupation subject to the provisions of the Workmen's Compensation Law; that arising out of and in the course of such employment the claimant sustained an accidental personal injury on August 19, 1933, being a strain from lifting pipe resulting in left hernia and also injured left foot.

"2. That the average daily wage of the claimant at the time of said injury was $3.95.

"3. That respondent had actual notice of said injury, therefore was not prejudiced by the failure to give notice."

The award was for "the sum of $121.52, being eight weeks' compensation at $15.19 per week, and in addition thereto tender the claimant an operation to correct said hernia."

The petition to review said award was duly filed here.

Petitioner contends that respondent's

claim for compensation is barred by reason of his failure to give his employer notice as required by section 13358, O. S. 1931. An examination of respondent's first notice of injury discloses that he omitted to state therein either that he had notified his employer of the accident or that his employer or the superintendent or foreman of his employer had knowledge of the accident.

An examination of the evidence discloses that the only evidence upon which the Commission could base its finding that the employer had actual notice of the injury was that of the respondent, who testified that on the next day after the claimed injury is alleged to have been sustained, he told his employer's superintendent, "I strained myself down on that job."

Respondent does not claim that the written notice prescribed in section 13358, supra, was given to the Commission and to his employer, or either of them, within 30 days after the injury, as required by the statute, but seeks to excuse the failure to give such notice upon the ground that his employer had actual knowledge of the injury.

In Skelly Oil Co. v. Johnson et al., 157 Okla. 278, 12 P. (2d) 177, we said:

"Where claimant fails to give to the Commission and to the. employer notice in writing of an injury for which compensation is payable under the Workmen's Compensation Law within 30 days after injury, and seeks to excuse such failure upon the ground that the employer had actual notice of the injury, the claimant must prove that the employer had actual notice of the time, place, nature and cause of the injury, and if the employer be a corporation, then such actual notice must be to an agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred, or a superintendent or foreman in the place where the injury occurs, and required, in the latter instance, under the rules of the company to report accidental injuries to the employer."

Can it be said that respondent's employer had actual notice of the time, place, nature and cause of the injury from respondent's statement, "I strained myself down on that job"? We cannot so hold. It was a casual statement and did not impart information to the employer sufficient to show an accidental injury received in the course of and growing out of respondent's employment. Respondent failed to meet the requirements of the rule announced in Wirt Franklin Petroleum Co. v. Wilson, 164 Okla. 129, 23 P. (2d) 644, wherein it was held:

"Where, in a proceeding before the State Industrial Commission, actual notice to the employer is relied upon as an excuse for failure to give the written notice provided for by the statute, the evidence should show information imparted to the employer sufficient to show an accidental injury received in the course of and growing out of the employment, or information of an injury and such other facts as would indicate a desire for medical attention and securing compensation for the injury or for diminished earning power; otherwise, there is no evidence upon which to base an excuse by the Commission of failure to give the statutory written notice or to show that the employer was not prejudiced."

There being no evidence to sustain the Commission's finding that the petitioner had actual notice of the injury, and it appearing from the record that the statutory notice of injury was not given by respondent to petitioner within the time prescribed in the statute, respondent's claim for compensation was barred by the statute, and the State Industrial Commission had no jurisdiction to consider same or make an award thereon.

In view of the foregoing conclusion, we deem it unnecessary to consider the other assignments presented by petitioner.

The award of the Commission is vacated and the cause is remanded to the State Industrial Commission, with directions to dismiss the claim.

McNEILL, C. J., and RILEY, PHELPS, and CORN, JJ., concur.