## BARTLETT-COLLINS GLASS CO. et al. v. HOWARD et al.

No. 26157.   Nov. 12, 1935.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Speakman & Speakman, for respondents.

BUSBY, J. This is a proceeding to review an order and award of the State Industrial Commission. The claimant, Kayle Howard, was, after hearing, awarded compensation in the sum of $134.66 for temporary total disability. The award was based upon testimony produced by the claimant showing that on the 6th day of February, 1934, while employed by the Bartlett-Collins Glass Company, the claimant was struck with a pair of pincers on the left testicle by a fellow employee, resulting in the injury complained of. Apparently the claimant was not immediately aware of the seriousness of his injury, and

therefore did not entirely stop work until about two months later.

Written notice of the injury was not given to the employer within 30 days as contemplated by section 13358, O. S. 1931. However, the commission found that prejudice did not result from the failure to give such written notice "for the reason that the employer had actual notice of the injury."

The employer and its insurance carrier, as petitioners in this court, seek to vacate the order on the theory that there is no evidence to support the last-mentioned finding.

The claimant testified, in substance, that the foreman was standing close to him at the time the "accident" occurred; that he (the claimant) exclaimed "Williams hit me" (Williams being the fellow employee who had the pincers). The claimant was not sure that the foreman heard the exclamation because there was quite a bit of "noise going on." However, he was positive that the foreman saw the incident. The foreman in his testimony denied immediate knowledge of the accident, but stated that the claimant later informed him about the matter. He fixed the date from his own recollection at about three weeks after the occurrence, but his later testimony indicates some uncertainty in his mind as to the exact date.

Medical assistance was later furnished the claimant, but not until after the expiration of 30 days from the date of the injury. It is not disputed that notice to the foreman would constitute notice to the employer.

In Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 P. 820, this court said:

"The decision of the Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based.

"In an action to enforce compensation for an injury to an employee under the Workmen's Compensation Act, where it appears that no written notice of the injury was given, as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears, where it is shown that the employer had actual notice of such injury soon after it occurred, and, with full knowledge of the injury, omitted to administer any relief; and, where the employee makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that. in spite of such actual notice, he is still prejudiced by the failure to give the written notice."

In the more recent case of Royal Mining Co. et al. v. Murray et al., 167 Okla. 460, 30 P. (2d) 185, this court, in an opinion prepared by Mr. Justice Welch, quoted with approval and attached controlling importance to the principle stated above.

In the case of Ford Motor Co. v. Ford, 128 Okla. 221, 262 P. 201, we said in the syllabus:

"In an action to enforce compensation for an injury to an employee under the Workmen's Compensation Act, where it appears that no written notice of the injury is given, as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury soon after it occurred; and where the employee makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that in spite of such actual notice it is still prejudiced by the failure to give the written notice."

In accord with the above decisions, the award involved in the case at bar is approved.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.