**EMPIRE PIPE LINE CO. v. MORGAN et al.**

No. 28667.    Feb. 14, 1939.

Rehearing Denied April 18, 1939.

Application for Leave to File Second Petition for Rehearing Denied May 16, 1939.

A. M. Ebright, Hayes McCoy, and L. L. Corn, for petitioner.

Brown Moore and Guy Horton, for respondent Oakley E. Morgan.

WELCH, V. C. J. The determining question presented by this action to review an award of the Industrial Commission is whether there is evidence to support a finding that the employer had actual notice of the time, place, nature, and cause of the injury within 30 days of its occurrence. No written notice thereof was given.

The claim is based upon alleged disability from heat exhaustion while employed by respondent on September 9, 1936.

For the purpose of our consideration of the question we will assume that claimant became overheated and ill between 1:30 and 2 p. m. on September 9, 1936, while working for respondent, in accordance with his testimony. He at that time told two of his fellow workers (not claimed to be in authority) that he was sick, and he did no further work until 3 p. m., when he went home at his usual quitting time. He went to bed after reaching his home and was very ill for four or five days, and under the care of a doctor. He returned to work in eleven days.

While claimant was sick several of his fellow workers and one or more of respondent's agents in authority paid visits to him, and upon returning to work respondent's superintendent inquired as to claimant's health, and at that time told claimant to "work in the shade and take it easy."

The evidence is clear that respondent's agents in authority knew that claimant was sick, but in spite of persistent questioning of several witnesses, including claimant, there is no evidence to show that respondent's responsible agents were ever informed that claimant became ill while working, or as a consequence of his working for the employer. True, claimant told such agents upon the occasion of their visits to him when he was sick at his home, and after returning to work, that he had suffered a "stroke," but this record shows no other information than as above stated to have been imparted to respondent. The nature of the "stroke" was not given or elaborated upon.

The only information given the employer was that claimant was at home sick from a "stroke." We consider that bare information insufficient to impart actual notice or knowledge of the time, place, nature, and cause of the heat exhaustion forming the basis of the claim.

The determination of the question against claimant is controlled by Greis, Trustee, v. Rounsiville, 173 Okla. 189, 46 P.2d 905. See, also, Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P.2d 177; Tidal Refining Co. v. Ballard, 163 Okla. 259, 21 P.2d 1054; Norman Steam Laundry v. Commission, 160 Okla. 107, 16 P.2d 92; Southwestern Bridge & Culvert Co. v. Sullenger, 163 Okla. 68, 20 P.2d 891; Wirt Franklin Petroleum Corp. v. Wilson, 164 Okla. 129, 23 P.2d 644; and Hales v. Oklahoma Producing Co., 109 Okla. 286, 232 P. 42.

It is further urged that, in view of the fact that respondent failed to file a written answer with the Industrial Commission, the entire claim was admitted by the respondent, in that the rules of the commission so provided.

An examination of the entire record discloses that the parties and the commission proceeded at length with an examination into the question of notice, and clearly the commission predicated its order of award upon its findings of fact as to such issue, rather than upon any procedural question. We think the commission treated the entire matter as if a written answer were filed and thereby waived the application of the rule.

It is obvious that the parties upon the hearing were proceeding in their respective examinations of the witnesses to an exhaustive inquiry into the question of notice, and it appears almost certain that the substantial rights of the parties were not in any manner prejudiced by the failure of formal compliance with any such rule.

Since the statute (section 13358, O. S. 1931, 85 Okla. St. Ann. sec. 24) and our former decisions above cited are so clear as to the character of notice required, and since the record here shows such complete failure of compliance therewith, we must vacate this award.

The award is vacated.

BAYLESS, C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. RILEY, J., dissents. CORN and DANNER, JJ., absent.