JEWELL et al. v. JONES et al.

No. 30296. July 8, 1941.

Rehearing Denied Sept. 9, 1941.

*116 P. 2d 698.*

Looney, Watts & Fenton, of Oklahoma City, for petitioners.

J. B. Gilbreath, of Ada, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Sam Jewell, hereinafter referred to as petitioner, and his insurance carrier to obtain a review of an award which was made by trial commissioner, and on appeal affirmed by the State Industrial Commission, in favor of Ed Jones, hereinafter referred to as respondent.

The award was for a temporary total disability for the period September 24, 1940, to December 17, 1940, inclusive, less the five-day waiting period, and for an injury sustained on June 27, 1940, when respondent was struck or pushed by the tongs on a drilling rig on which he was working. The respondent, his foreman, and his associates all thought that the accident was a trivial one, and respondent returned to his work immediately and continued in his employment as long as the petitioner had anything for him to do, which was about August 17, 1940. The respondent there-

after filed application for and received unemployment compensation benefits, and on October 9, 1940, filed employee's first notice of injury and claim for compensation for disability alleged to have resulted from the injury of June 27, 1940. The petitioner and his insurance carrier contested this claim on the ground that no notice of injury had been given as required by section 13358, O. S. 1931, 85 Okla. St. Ann. § 24. The respondent conceded that he had not given the written notice so required, but sought to excuse such failure by proof that the petitioner, through his foreman, had notice of the accident and of all its consequences, and therefore had not been prejudiced by the failure to give the written notice. The trial commissioner found such to be the fact and excused the failure to give the statutory notice, and the State Industrial Commission on appeal made the same finding.

The petitioner and his insurance carrier contend that said finding is wholly unsupported by any competent evidence. This is the sole ground of error and illegality urged.

The argument of petitioner is directed not so much to the fact that he did not have sufficient notice of the accident, but rather to the fact that he did not have sufficient notice of the injury, since the respondent did not, at the time the accident occurred, request medical attention and continued in his employment for some months thereafter, and did not advise that he was intending to claim compensation. This argument would have much merit if it were shown that the respondent had known at the time that the injury would result in a disability. The evidence in the case at bar, however, showed that the respondent, petitioner's foreman, and the associates of the respondent all thought at the time the accident occurred that the respondent had sustained only a trivial injury which would probably not result

in any compensable disability, and that acting on this assumption the respondent continued to perform his duties for several months and did not request medical attention until the middle of September, 1940, when, apparently, some considerable disability had ensued. Under the evidence the foreman of the petitioner was present when the accident occurred and had the same information with respect thereto that the respondent had. The information under these circumstances was communicated to a person who was entitled to receive it on behalf of the petitioner. Greis v. Rounsiville, 173 Okla. 189, 46 P. 2d 905; Norman Steam Laundry v. State Industrial Commission, 160 Okla. 107, 16 P. 2d 92. While respondent did not request medical attention at the time of the accident and returned to his work immediately and continued to work thereafter, he was not required to determine the nature and extent of his disability at any time in order to be entitled to compensation. Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okla. 565, 63 P. 2d 21. The evidence showed that the petitioner had notice of the time, place, nature, and cause of respondent's injury and had an opportunity to make an investigation to determine its extent; this was sufficient to support the finding of the commission that the failure to give the written notice had not resulted in prejudice to the petitioner. See Bartlett-Collins Glass Co. v. Howard, 174 Okla. 553, 51 P. 2d 533; Royal Mining Co. v. Murray, 167 Okla. 460, 30 P. 2d 185; Ford Motor Co. v. Ford, 128 Okla. 221, 262 P. 201; Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 P. 820.

Under the authority of the above decisions, the contention of the petitioner is not well taken. The award is sustained.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur.