**T. H. ROGERS LUMBER COMPANY and Casualty Reciprocal Exchange, Petitioners,**

v.

**Robert Calvin IVEY, Respondent.**

**No. 40451.**

Supreme Court of Oklahoma.

April 7, 1964.

Rehearing Denied May 12, 1964.

Tucker & May, by James M. May, Mc-Alester, for petitioners.

Stipe, Gossett & Stipe, by Gene Stipe, McAlester, for respondent.

DAVISON, Justice.

On April 23, 1962, Robert Calvin Ivey filed with the State Industrial Court his first notice of injury and claim for compensation therein stating that on January 25, 1962, while employed by the T. H. Rogers Lumber Company he sustained an accidental injury arising out of and in the course of his employment when he twisted his back while unloading a truck. On that same date the T. H. Rogers Lumber Company and its insurance carrier, Casualty Reciprocal Exchange, filed an answer to the claim, in which they denied that claimant's disability was connected with his employment, denied that the injury arose out of and in the course of his employment and denied that claimant gave notice of the injury to the respondent to their prejudice. A trial judge of the State Industrial Court, on October 12, 1962, awarded claimant forty percent permanent partial disability. The award was affirmed by the State Industrial Court en banc. T. R. Rogers Lumber Company and its insurance carrier, as petitioners herein, have brought this proceeding against Robert Calvin Ivey and the State Industrial Court seeking a review of the award.

Claimant testified that on January 25, 1962, he and three other employees were unloading masonite from a company truck. While handing two sheets of the masonite to his co-employees he was jerked and almost pulled off the truck; that he fell on the masonite, injuring his back, causing immediate pain; that on that day he notified both Sam Fisher and George McInnes, company foreman, he had hurt his back unloading the truck; he did not request medical treatment and was not sent to a doctor by either foreman. He continued to try to work but on January 29, 1962, informed the secretary in the wholesale department, a Mrs. Lalli, that he had hurt his back unloading the truck and was seeing the doctor; that she advised him against filing a compensation claim. He continued to work until April 4, 1962, except for the period January 29, 1962, to February 5, 1962, during which time he was on vacation. He has not worked since April 4, 1962. Since the injury he has been to several doctors for examination and treatment. His first doctor was Dr. Shuller, who claimant says is the doctor ordinarily used by the petitioner. He went to him a day or two following the accidental injury.

Petitioners' evidence consisted of a stipulation between the parties whereby it was

agreed that if certain witnesses were present, including the foremen, Fisher and McInnis, they would testify to certain stated facts. The testimony of these witnesses, by stipulation, was in conflict with the testimony of the claimant, especially as to their having received actual notice of the injury.

Upon this state of the record the above referred to award was entered.

■ The argument presented by petitioners' brief makes necessary, at the outset, that we point out that it is not the function of this court to weigh the evidence, only to determine whether the order and essential findings are supported by any competent evidence. 85 O.S.1961 § 26; Merrill v. State Industrial Commission, Okl., 290 P.2d 1095.

Succinctly stated, petitioners present but one issue, that is, the asserted error in finding that respondent had actual notice of the accidental injury and excusing the giving of the statutory written notice required by 85 O.S.1961 § 24. That portion of the award germane to this proceeding is as follows:

"That claimant failed to give Respondent and Insurance Carrier written notice of said injury as required by law, but Respondent had actual notice thereof, and Respondent and Insurance Carrier were not prejudiced by lack of written notice, and said written notice is excused."

It is their argument that the actual notice found by the Industrial Court to have been given by claimant to respondent did not contain all the facts necessary to constitute notice. In support thereof they cite Black, Sivalls & Bryson, Inc. v. Coley, Okl., 367 P. 2d 1017; Nelson Electric Manufacturing Co. v. Cartwright, Okl., 277 P.2d 163; Maryland Casualty Co. v. Osborn, 166 Okl. 235, 26 P.2d 934; and other cases. These cases hold, in effect, that the purpose of notice to the employer is to furnish him prompt information so he may make a proper and timely investigation of the accident in order to determine the cause, nature and extent of the injury and in order that he might furnish prompt medical treatment to prevent or minimize resulting disability. Many cases hold such notice to be one giving the employer information within the statutory period of time as would have been obtained by him had the claimant given the statutory written notice, thereby enabling the employer to seek out the witnesses who might have had knowledge of claimant's injury and the attending circumstances. City of Ardmore v. Wickware, Okl., 297 P. 2d 1088; Hamilton v. Midwestern Instruments, Inc., Okl., 371 P.2d 484, and other cases cited in 85 O.S.A., Sec. 24, note 12.

■■ Herein the evidence was sufficient to sustain the finding of the State Industrial Court that petitioner had notice of claimant's injury. It is quite clear from the evidence that both Fisher and McInnes knew the job which claimant had been working on, and the location of the property, and that the statements made to them by claimant, as testified to by claimant, sufficiently described the injury, although claimant perhaps at the time did not know exactly the extent of the injury. The notice given by claimant was a sufficient compliance with the rule heretofore announced by this court.

■ Petitioners further contend that the burden was upon claimant to establish that the failure to give the written notice did not prejudice petitioners. However, without exception this court is committed to the time honored rule, that a foreman's knowledge of an accident or injury is knowledge of the employer so as to dispense with a formal notice; that notice to the foreman constitutes notice to the employer and authorizes the excusing of the giving of the statutory written notice. City of Ardmore v. Wickware, supra, and Hamilton v. Midwestern Instruments, Inc., supra. And in Maryland Casualty Co. v. Osborn, 166 Okl. 235, 26 P.2d 934; Nuway Laundry Co. v. Trice, 182 Okl. 518, 78 P.2d 706; Special Indemnity Fund v. McFee, 200 Okl. 288, 193 P.2d 301, and other cases, we have held that where the claimant's evi-

dence was sufficient to establish notice the burden was upon the employer to show that the failure to give written notice had been prejudicial.

The record discloses that there is no showing that the failure to give written notice in any way prejudiced the petitioners. Therefore the finding of the State Industrial Court that petitioners had actual notice of the injury, and was not prejudiced by the failure to give written notice, must be sustained.

Award sustained.