**MISTLETOE EXPRESS SERVICE and Reliance Insurance Company, Petitioners,**

**v.**

**Era Edith BOND and the State Industrial Court, Respondents.**

**No. 42204.**

Supreme Court of Oklahoma.

Dec. 23, 1968.

Rehearing Denied June 12, 1969.

Donald N. Bykerk, Oklahoma City, for petitioners.

E. W. Keller, Lawrence E. Hoecker, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

IRWIN, Vice Chief Justice.

Presented for review is an order of the State Industrial Court allowing Era Edith Bond, claimant below, surviving widow of Olney Everett Bond, deceased, death benefits under the provisions of the Workmen's Compensation Act. The parties will be referred to as they appeared in the trial court.

One of the issues presented is the sufficiency of the evidence to sustain a finding by the State Industrial Court, sitting en banc, that respondent employer and insurance carrier were not prejudiced by claimant's failure to give written notice.

The trial judge, in his order awarding compensation for death benefits, found that on December 17, 1964, decedent sustained an accidental personal injury arising out of and in the course of his employment when he suffered an aggravation of pre-existing heart condition due to stress and strain of the Christmas rush and cold weather, which caused a heart attack from which he died on December 25, 1964. This order contained no reference to notice.

On appeal to the State Industrial Court, sitting en banc, the trial judge's order was modified by adding the finding that "respondent and insurance carrier were not prejudiced by claimant's failure to give formal written notice within the 30 day period", and as modified, the trial judge's order was affirmed.

Claimant contends that "notice" is required in a claim for death benefits and relies upon a 1953 amendment to Title 85 O.S.1951, Sec. 24, relating to notice. Prior to the amendment, said section provided:

"Notice of an injury *or death* for which compensation is payable * * * shall be given * * * within thirty (30) days after the injury and *also in case of death.* * * *." (emphasis ours)

As amended in 1953, Sec. 24, supra, provides:

"Notice of an injury for which compensation is payable * * * shall be given * * * within thirty (30) days after injury, * * *."

Claimant argues that since reference to injuries causing death was deleted by the 1953 amendment, the Legislature intended that notice was not required in claims for death benefits.

Under Title 85 O.S.1961, Sec. 22, subd. 7, "If the injury causes death * * * notice of which was given as provided in this Act, compensation shall be payable * *."

█ In considering the purposes for "notice of injury" and the specific language in Sec. 22, subd. 7, we hold that "notice" is required in claims for death benefits.

Claimant's claim for death benefits was filed on December 20, 1965, and therein it was alleged that the accident occurred on December 17, 1964; that decedent died on December 25, 1964; and that respondent employer had notice of the injury and death. Respondent's answer specifically alleged the failure of claimant, deceased, or anyone in his behalf to give the statutory thirty day notice, "as required by law, * * * and that by reason thereof the rights of this respondent and its insurance carrier have been prejudiced thereby." At the hearing and before any evidence was introduced, respondent again asserted lack of notice.

The record conclusively establishes that respondent had actual knowledge that decedent sustained a heart attack, was confined in a hospital and died as a result of the heart attack. However, the record is barren of any evidence that respondent had

knowledge or notice that decedent's heart attack was a result of any accidental injury arising out of his employment or that any one claimed that the heart attack was the result of an accidental injury arising out of decedent's employment until the claim for death benefits was filed.

Claimant testified that she had never made a demand upon respondent for medical services or treatment as a result of decedent's confinement in the hopsital. In response to the following question, "Did you or any other member of your family outside of your husband ever make any claim for compensation to Mistletoe Express (respondent) up until the time of the filing of the Form 3A?", claimant answered, "No, sir." Claimant also testified that she never did go to respondent's office and discuss this matter with them. There is no evidence that decedent, or any one in his behalf, ever made any claim against respondent for compensation as a result of his heart attack or ever notified respondent that his heart attack arose out of and in the course of his employment.

The factual situation presented is somewhat similar to that in Empire Pipe Line Co. v. Morgan, 185 Okl. 82, 90 P.2d 389, and in that case we said:

"The only information given the employer was that claimant was at home sick from a 'stroke'. We consider that bare information insufficient to impart actual notice or knowledge of the time, place, nature and cause of the heat exhaustion forming the basis of the claim."

 In Greis, Trustee v. Rounsiville, 173 Okl. 189, 46 P.2d 905, we held:

"Where, in a proceeding before the State Industrial Commission, actual notice to the employer is relied upon as an excuse for failure to give the written notice provided for by the statute, the evidence must show information imparted to the employer sufficient to show an accidental injury received in and arising out of the employment."

 Since respondent did not have notice that decedent sustained an accidental injury arising out of and in the course of his employment, the burden was on claimant to establish to the satisfaction of the State Industrial Court that respondent was not prejudiced thereby. See Title 85 O.S. 1961, Sec. 24, and Atkins v. Colonial Baking Company, Okl., 287 P.2d 450.

 Neither claimant nor respondent submitted evidence concerning whether respondent was or was not prejudiced for lack of notice. There being no evidence concerning this issue, the record will not support a finding that respondent was not prejudiced by claimant's failure to give notice. Inasmuch as the burden was upon claimant to prove respondent was not prejudiced by lack of notice, and claimant's entitlement to the award was dependent upon her making such proof, the order awarding death benefits must be vacated.

Award vacated.

All the Justices concur.