**L & S BEARING COMPANY and Royal-Globe Insurance Company, Petitioners,**

**v.**

**Lillian M. CHILDERS and the State Industrial Court, Respondents.**

**No. 43376.**

Supreme Court of Oklahoma.

Sept. 23, 1969.

Rehearing Denied Nov. 12, 1969.

William H. Wilson, Rhodes, Hierony-
mus, Holloway & Wilson, Oklahoma City,
for petitioners.

Carl E. Moslander, Oklahoma City, G. T.
Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice.

The parties will be referred to as they
appeared before the State Industrial Court.
Claimant asserts in her Form 3 that she
sustained injuries to her back and side
while working for the respondent as a
grinding machine operator on April 24,
1968. She filed the Form 3 in the State
Industrial Court on September 10, 1968.

Respondents (petitioners here) contend
that they received no notice of claimant's
alleged injury, either actual or written,
within a period of 30 days after her claimed
accident, as required by 85 O.S.1961, § 24,
and that their rights have been prejudiced
by such lack of notice. This defense was
asserted by oral answer dictated into the
record by their attorneys during the hear-
ing of the case; and the issue was proper-
ly before the trial court for consideration
and determination. Brandt v. Western Ok-
lahoma Butane Company, Okl., 346 P.2d
724; Empire Pipe Line Company v.
Morgan, 185 Okl. 82, 90 P.2d 389.

The trial court held that respondents
"had notice of said injury and were not

prejudiced by claimant's failure to file the 30-day written notice, and therefore such failure on the part of the claimant should be excused". The trial judge entered an award in claimant's favor for temporary compensation. The State Industrial Court sitting en banc upheld that award.

The sole question presented to this court on review is the propriety of the court's ruling in excusing the giving of written notice.

Claimant testified that on April 24, 1968, she was standing on a bucket attempting to unhang some parts on a machine, and pulled her back, and hurt her side and hip; that her hip and back started hurting sometime before the date of the alleged accident, but was much worse on the date of the accident; that two weeks before the date of the alleged accident she told a supervisor that "she wanted out of that department because the climbing hurt" her.

With reference to notice, furnished respondent, of the occurrence of the accident, claimant testified as follows:

"Q. Now, who knew of the hurt that you received from pulling on date, April 24, 1968?

"A. Tom, the boy that worked in that department with me.

"Q. All right. And when did Tom know of this hurt?

"A. Well, I told him, then, after— later that night—that I was hurting— that my back and hip and side hurt real bad.

"Q. Well, what was Tom, insofar as you were concerned, in his connection with the job?

"A. I worked with him in the roller department.

"Q. All right. Did you tell Tom why you were hurt?

"A. No."

Claimant had a conversation with a "lead man", or supervisor, the day after the alleged accident. She testified concerning it as follows:

"Q. Did he know why you wanted to sit down?

"A. Yes, sir. I told him that I hurt; that my back and hip and side hurt.

"Q. Did you tell him why your hip and back hurt?

"A. No, sir, I didn't tell him.

"Q. All right. Did you ever tell him or Tom how you had hurt yourself?

"A. No, sir."

Claimant made no request of her respondent employer to furnish medical care and treatment. On April 29, 1968, of her own volition, she went to see Dr. R., who administered sedatives. He also had claimant hospitalized. On June 12, 1968, Dr. C. operated on claimant's back, fusing some of the vertebrae. She was in the hospital about six weeks.

Respondents submitted in evidence a "Statement of Claim" directed to the General American Life Insurance Company. On the date of the alleged accident, General American had in force a health and accident policy covering illness or disabilities to respondent's employees not arising out of their employment, or covered by the Oklahoma Workmen's Compensation Act. Claimant testified that the Statement form was furnished by Davis, a supervisor for said respondent, about May 3, 1968, at the time she was first entering a hospital; that Davis asked her: "What's the trouble", and she answered: "I don't know"; that Davis did not ask her if she had an accident on the job; that, if he had asked her, she would have answered: "No"; that she did not relate to Davis anything about climbing or stepping, while working.

Claimant admits filling out the Statement's questionnaire in her own handwriting and signing it. It is dated May 24, 1968. In it, she stated that her claim was due to sickness which commenced on April 24, 1968. Portions of the questionnaire for describing an accident, including its time and place, and how it occurred, were left blank. Claimant admits that she answered the question in the Statement: "Did accident or sickness result from any employ-

ment?", with a "No"; and she further testified that the answer was "right" and that it was made of her own free will.

She further testified that about June 18th, 19th, or 20th, 1968, she talked to Supervisor Davis, at the hospital, about the filing of a Form 3 for Workmen's Compensation benefits and that Davis told her the employer did not have compensation insurance.

Claimant testified that about June 16th or 17th (1968), she talked to Stanley Schwartz, part owner of respondent company, over the telephone, and told him that she had not received any insurance checks; that at that time she did not talk to Schwartz about Workmen's Compensation benefits.

The American National Insurance Company allowed the claim of the claimant and paid a portion of her hospital expense, and disability compensation, at the rate of $40.-00 per week.

■ We have held in several cases that in the prosecution of proceedings before the State Industrial Court where the injured employee relies upon actual notice to the employer as an excuse for failure to give the 30-day written notice required by 85 O.S.1961, § 24, the evidence must show the information imparted to the employer to be sufficient to establish the occurrence of an accidental injury received in and arising out of the employement. Arkansas-Louisiana Gas Company v. Blackwood, Okl., 456 P.2d 507; Mistletoe Express Service v. Bond, Okl., 455 P.2d 90; Empire Pipe Line Company v. Morgan, 185 Okl. 82, 90 P.2d 389; Greis, Trustee v. Rounsiville, 173 Okl. 189, 46 P.2d 905.

■ Medical treatment by employer to employee for treatment of disability believed by employer in good faith to be due to sickness, or to a noncompensable injury, pursuant to claim filed by employee under group insurance accident and sickness benefits plan, reciting that the disability was in no way related to the employment of the employee was insufficient to constitute actual notice by the employee to the employer of the occurrence of an accidental injury within the purview of the Oklahoma Workmen's Compensation Act. Bowling v. Blackwell Zinc Company, Okl., 347 P.2d 1027; Baker v. Kerr-McGee Oil Industries, Okl., 344 P.2d 1063; Sinclair Prairie Oil Company v. Stevens, 194 Okl. 109, 148 P. 2d 176; McBride v. B. F. Goodrich Company, Okl., 317 P.2d 728.

■ There is no evidence in the record to sustain claimant's contention that respondent had actual knowledge of the alleged occurrence of a compensable accident. The sole witness testifying on this subject was the claimant herself. Her own testimony refutes her contention. She testified repeatedly that she did not tell respondent's supervisor why her hip and back hurt, or how she hurt herself. She did not tell her fellow worker why she was hurt. She admits making complaints of her back hurting about two weeks before the date of the alleged accident.

She admits applying for and receiving sickness benefits under the provisions of a group health policy, provided by respondent, covering employees' sickness and accident disabilities, not related to their employment. In her application for these health benefits, she positively stated that her disability was not related to her work. Respondents logically concluded that no Workmen's Compensation claim was involved.

■ In her brief, claimant concedes that "there is a complete absence of testimony directly on the question of Prejudice." Lack of prejudice, where respondents are not shown to have had timely notice, will not be presumed. Mistletoe Express Service Co. v. Bond, Okl., 455 P.2d 90.

The State Industrial Court's determination that respondents "had actual notice of said injury and were not prejudiced by claimant's failure to file the 30-day written notice, and therefore such failure on the part of the claimant should be excused" is not only unsupported by competent evidence, but it is contrary to the positive evidence. The award is contrary to the rules

of law well established by this court in prior decisions. It is therefore vacated.

IRWIN, C. J., and DAVISON, WILLIAMS, JACKSON, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., concurs by reason of stare decisis.