RENCO, INC., and Hartford Accident & Indemnity Company, Petitioners,

v.

Robert N. NUNN and the State Industrial Court, Respondents.

No. 43885.

Supreme Court of Oklahoma.

Sept. 22, 1970.

Milton R. Moon, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioners.

Don Maneers, Oklahoma City, John Hondros, Legal Intern, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

There is involved here for review an award entered by a judge of the State Industrial Court, affirmed by that Court sitting en banc, awarding the respondent, Robert N. Nunn, claimant below, temporary total compensation, medical expenses and partial permanent compensation.

In the interests of clarity petitioner, Renco, Inc., hereinafter will be referred to as respondent or "Renco", petitioner Hartford Accident and Indemnity Company as respondent or "Hartford", and the respondent Robert N. Nunn as claimant, same being the respective relation the parties bore to each other in the State Industrial Court.

The respondent Renco is a closed family corporation. Claimant, Robert N. Nunn is president and owns fifty per cent of the corporation stock. His wife, Edith Nunn is secretary and owns the remaining fifty per cent of the corporate stock.

Claimant and his wife Edith Nunn both work for the corporation. Claimant works outside of the office as an inspector and his wife as a bookkeeper. The exact nature of the business of Renco is not shown in the record.

There are two alleged claims involved in these proceedings. On March 24, 1969, claimant filed two form threes in the office of the State Industrial Court. In cause No. D–61496 claimant asserts that while working for respondent, Renco as an inspector on July 26, 1965, he fell down and injured his back. In cause No. D–61497 claimant asserts that in February, 1967, while working for respondent Renco as an inspector he was climbing and injured his back, same being an "aggravation by strain of injury of 7–26–65 requiring surgical intervention."

Respondents in their answer filed to each of the claims contend among other defenses that no written notice was given by the claimant to the respondents of the occurrence of either of the accidents within thirty days after they respectively are alleged to have occurred as required by 85 O.S.1961, § 24.

Respondents further contend that neither of the claims were filed within a period of one year after they respectively are alleged to have occurred and are therefore barred by the one year statute of limitation, 85 O.S.1961, § 43.

Claimant admits that the first written notice furnished the respondents of either claim was when he filed his form threes on March 24, 1969, nearly four years after the first, and more than two years after

the last accident is alleged to have occurred.

It is therefore apparent that both claims are barred under the provisions of 85 O.S. 1961, § 24 unless the claimant establishes that the respondents had actual notice of the occurrence of the accidents and that their rights were not prejudiced by the failure of the claimant to give written notice. L & S Bearing Company v. Childers, Okl., 462 P.2d 532; Arkansas-Louisiana Gas Company v. Blackwood, Okl., 456 P.2d 507; Mistletoe Express Service v. Bond, Okl., 455 P.2d 90.

The purpose of requiring employee to furnish his employer with written notice is to enable the employer and its insurance carrier to make timely investigation for determining the need of medical treatment and to minimize the resulting disability. Williamson v. Grimm, Okl., 425 P.2d 992; Simmons v. Oklahoma Cement Company, Okl., 394 P.2d 462. It is also for the purpose of preventing prejudice from arising to the employer by reason of lack of knowledge of the occurrence of the alleged accident. Gulf Oil Corporation v. Kincannon, 203 Okl. 95, 218 P.2d 625.

It is also apparent that both claims are barred by the one year statute of limitation, 85 O.S.1961, § 43, unless claimant establishes circumstances justifying the tolling of the statute. Shank v. Oklahoma Office and Bank Supply Co., Okl., 387 P.2d 626.

Claimant relies principally upon his own testimony and that of his wife Edith Nunn.

Claimant testified: that when he was injured on July 26, 1965, he went to Dr. N; that Dr. N treats injuries for Renco, is also his own personal doctor and the personal doctor of his wife; that Dr. N continued to treat him until March 5, 1968; that on March 8, 1968, Dr. N sent him to Dr. B who in turn referred him to Dr. S who performed a surgical operation upon him.

Claimant testified that he as president of Renco authorized himself as an injured employee of Renco, Inc. to go to Dr. N and other doctors for medical treatment.

He said, "I go to my doctor and I am complaining to myself."

Claimant testified that after he was in the hospital in 1968, and before he received his surgical operation he told his wife Edith Nunn to call the agent for Hartford who wrote the insurance policy. Edith Nunn testified that she called the agent and told him that she wanted to file a report concerning claimant being in the hospital and he said to send it to the company and they would take care of it. An instrument purporting to be the report was identified as claimant's Exhibit 13 and submitted in evidence. The record does not contain the report or Exhibit 13.

Claimant submitted in evidence a statement of the medical account of Dr. N identified by Edith Nunn covering a period of time from July 26, 1965, to April 15, 1969. She testified that the account included medical expenses of claimant and herself and was paid by personal checks of claimant and herself; that Renco afterwards reimbursed them for the payments upon advice of a tax accountant that by following this method they could be charged off as a tax deductible expense item; that Renco did not reimburse them for medical expenses incurred during the year 1965.

Dr. N who claimant testified treated him over a period of time from July 26, 1965 until March 5, 1968, did not testify in the trial of the case. Dr. B who claimant testified treated him on March 8, 1968, and Dr. S, who claimant testified performed a surgical operation in 1968, did not testify.

■ The medical evidence is insufficient to establish continuous medical treatment of claimant for injuries alleged to have been sustained by the claimant over a period of one year after the injuries are alleged to have occurred under circumstances of Hartford being chargeable therewith.

The evidence is insufficient to bring the case within the rule declared by this Court in Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460, and

other cases to the effect that the one year statute of limitation is tolled during the period of time medical treatment is voluntarily and continuously furnished by the employer and his insurance carrier.

Claimant contends he was first injured on July 26, 1965. He knew at that time that Hartford had filed a Workmen's Compensation policy covering the operations of respondent, Renco, Inc. As president of Renco, he had arranged with the agent of Hartford to write the policy. Still for some unexplainable reason he did not notify Hartford of the happening of the alleged accident. He did not request Hartford to furnish him medical treatment. He went to his own family doctor for medical treatment, a doctor who has treated him for many years. He contends that this doctor and other doctors treated him over a period of about three years. During this period of time he did not furnish Hartford with reports of these doctors and did not request Hartford to pay the medical bills of these doctors. As above stated, the first written notice he gave to respondents or Hartford was when he filed his Form 3 in the State Industrial Court, more than three and two years respectively after the accidents are alleged to have occurred.

Claimant here was an experienced business man, president of the respondent corporation, and charged with the knowledge that he was required to furnish the respondent and Hartford, its insurance carrier, with notice of the happening of an accident involving himself. Claimant not only failed to give written notice of his alleged claim but he in effect concealed the occurrence of his alleged accident from respondent's insurance carrier, Hartford.

Claimant cites 85 O.S.1961, § 64(b) and contends notice and knowledge of the occurrence of the accidents by claimant as president of respondent corporation shall be deemed notice and knowledge to the insurance carrier, Hartford. We have no quarrel with the provisions of 85 O.S.1961, § 64(b) but the statute is not applicable to the situation presented in the present litigation. We hold that where the president of a corporation in the capacity of an employee sustains an industrial accident and makes no written report of said alleged accident within thirty days as required by 85 O.S.1961, § 24 and furnishes the insurance carrier with no notice or knowledge of said accident having occurred, the insurance carrier is not bound by the acts and doings of the president of the respondent corporation and is not bound by any knowledge he may possess concerning the occurrence of said accident the provisions of 85 O.S.1961, § 64(b) to the contrary notwithstanding. Fidelity Union Casualty Co. v. State Industrial Commission, 130 Okl. 65, 265 P. 131.

The situation presented here is strikingly similar to the one presented in Fidelity Union Casualty Company v. State Industrial Commission, supra, wherein all the stock in a corporation was owned by a man, his wife and a few relatives. The man was president and his wife was secretary of the corporation. The man on August 12, 1924, sustained injuries while working for the corporation. On October 28, 1924, he notified his wife as secretary of the corporation of the accident and requested medical treatment. On November 12, 1924, he gave notice of the accident to the State Industrial Commission (now court) and the insurance carrier. On July 2, 1925, he filed his claim in the office of the State Industrial Commission (now court). We held the claim barred because of the failure of the claimant to give the thirty day notice as required by § 7292 C.O.S.1921, now 85 O.S.1961, § 24. A portion of the opinion reads:

"It is contended by petitioner that this claim is barred, for the reason that notice of the injury was not given to the Industrial Commission as provided by Section 7292, C.O.S.1921. The evidence is clear that this notice was not given until November 12, or 90 days after the alleged injury. There is no finding that this notice could not have been given nor that the insurance carrier was not prejudiced because of the failure of

claimant to give the same, and, under the record, the evidence would not justify such finding.

"In this case we think it was highly important that the insurance carrier should have had timely notice. We are not unmindful of the prior holdings of this court that, in cases where the employer has actual knowledge of the injury, the burden of proof shifts to the employer and insurance carrier to show prejudice because of the failure to give written notice of the accident, as provided by the statute. This is a wise and wholesome rule, and there is no intention, from what is here said, to depart in the least therefrom. The rule, however, has no application to the facts in the instant case.

"Here claimant is acting in the dual capacity of employer and employee; he acts as his own employer and his own paymaster. He paid himself regularly from the date of the alleged injury to the time of the hearing before the Industrial Commission. He was naturally interested in delaying notice, thus preventing an early investigation by the insurance carrier of the cause as well as the extent of the injury. We think this conduct was, in itself, highly prejudicial to the insurance carrier. It certainly could not be held that claimant's knowledge, as president of the respondent corporation, of his own injury or the knowledge of his wife, as secretary, made notice to the Industrial Commission and insurance carrier unnecessary, and that such knowledge shifted the burden of proof to the insurance carrier to show prejudice. To so hold would amount to nothing more nor less than a judicial repeal of the statute. * * *

\* \* \* \* \* \*

"Under the rule announced by this court in the case of Cameron Coal Co. et al. v. Collopy et al., 102 Okl. 207, 228 P. 1100; Hales v. Okl. Producing & Refg. Co. et al., 109 Okl. 286, 232 P. 42, the failure on the part of the claimant to give written notice to the Industrial Commission, and thus indirectly to the insurance carrier, operates to bar claimant's claim. Under the above authorities, in the absence of actual knowledge of the injury, the burden of proof is on claimant to show that no prejudice resulted because of the failure to give written notice as provided by the statute.

\* \* \* \* \* \*

"The order and award of the Industrial Commission should be reversed, with directions to dismiss the claim."

The case last cited has not been overruled, criticized or modified and is controlling here.

The claims of the claimant are barred because of his failure to give notice of the occurrence of the accidents out of which said claims arose within thirty days after the happening of said respective accidents as required by 85 O.S.1961, § 24.

The claims are also barred because of the failure of the claimant to file said claims in the State Industrial Court within a period of one year after the accidents respectively are alleged to have occurred as required by 85 O.S.1961, § 43.

Award vacated with directions to dismiss the claims.

All the Justices concur.