PETER KIEWIT SONS COMPANY, a corpo-
ration, and Aetna Casualty & Surety Com-
pany, a corporation, Petitioners,

v.

Kenneth D. BARNES and State Indus-
trial Court, Respondents.

No. 44471.

Supreme Court of Oklahoma.

July 20, 1971.

Rehearing Denied Oct. 5, 1971.

Jay R. Bond, Ross, Holtzendorff &
Bond, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, for re-
spondents.

BLACKBIRD, Justice.

The claim involved here was filed in the
State Industrial Court by respondent, Ken-
neth D. Barnes, hereinafter referred to as
"claimant", for disability compensation on
account of a heart injury, alleging it was
caused by "extreme heat, excessive strain
and exhaustion", while he was employed by
the petitioner, Peter Kiewit Sons Company,
a road building corporation, hereinafter re-
ferred to individually as "Kiewit Compa-
ny", or, with its insurance carrier, Aetna
Casualty & Surety Company, collectively
as a "respondent".

Respondents defended the claim on the
ground, among others, that they had not
received statutory notice of the claimant's
"alleged accident", and that this had "oper-
ated to the prejudice" of both.

One of the witnesses at the trial before
one of the Industrial Court's Judges was
Kiewit Company's "job office manager",
Earl Seibert, who testified, without contra-
diction, that he received no notice of the
claimant's injury prior to the filing of his
claim.

On the basis of the Trial Judge's finding
that Kiewit Company had no actual notice
of the claimant's injury within 30 days
thereafter, this Trial Judge held the claim
was barred by statute.

On claimant's appeal to the Industrial Court en banc, it vacated the Trial Judge's order and awarded claimant temporary total disability for a maximum period of 300 weeks, plus necessary medical attention, upon finding that Kiewit Company had actual notice of claimant's injury "and was not prejudiced by his failing to give the statutory written 30-day notice, and said failure is hereby excused."

In support of respondents' Petition for Review here, they contend that the Industrial Court en banc's said finding is not supported by the evidence. We have determined that their position lacks sufficient merit to disturb the award.

The evidence shows that claimant first had symptoms of a heart attack on July 3, 1969, while operating a bulldozer in a sand pit for Kiewit Company. He testified that the pit was 40 to 60 feet deep in the places where he worked. He estimated that the temperature down there was 120 degrees, that there was almost no air circulation, and that the heat off of the bulldozer's torque converters, transmissions, final drives and engine "runs around 200 degrees * * *". Claimant, who was then a large, obese man, weighing 345 pounds, and was a heavy smoker, further testified that about noon that day he got sick, became dizzy, suffered extreme pains in his chest, and went home about 2:00 p. m. When interrogated on direct examination as to whether he told his "bosses" he was going home, and why, he answered in the affirmative, and named Junior Montgomery, whom he identified as the "Superintendent" on the job, and Pete Honse, who later identified himself on the witness stand as "Chief Foreman of the Hot Plant".

Claimant further testified that, after going home on July 3, he was in bed that afternoon and the next day.

The next Monday, one of Kiewit Company's employees who had been working on a "loader" quit, and claimant was allowed to take his place, where there was not such a concentration of heat as in the sand pit.

Claimant worked on the loader all that week, without incident, but, when he went to the job site at 6:00 a. m., the next Monday, he told Pete Honse that he was sick and had to go to the doctor. Claimant testified that Honse then prevailed upon him to work a "couple of hours" until he could get a replacement for him.

Since claimant left the job about 10:00 a. m. that day on his own initiative, he has been under the care of two doctors of his own choice, Dr. Mc and Dr. N; and there is no contention that, on the basis of the medical evidence introduced at the trial, claimant has not been suffering from a totally disabling heart attack, fully supporting the Industrial Court en banc's award to him.

As above indicated, respondents' challenge of that award in this Court relates solely to said Court's decision with reference to notice. In support of their single proposition that said Court's findings lack sufficient evidentiary support on this phase of the case, respondents strongly infer that it is not enough that an employee give his employer notice "that he was sick on the job", and they quote portions of the testimony to support their brief's representation that "Claimant's only statement to his employer was that he was sick as a mule, that he had to go to the doctor, and that he was going to the hospital for diabetes." Respondents also refer to portions of the claimant's testimony in which he revealed his mental reservations against informing his employer of his heart attack, for fear he would lose his job. They cite our quotation from Transwestern Oil Co. v. Partain, 188 Okl. 97, 106 P.2d 263, in vacating an award in the recent case of Arkansas-Louisiana Gas Co. v. Blackwood, Okl., 456 P.2d 507, as setting forth the governing rule on notice in this jurisdiction. And they contend, in substance, that the evidence in this case is similar to the evidence there, and in L & S Bearing Co. v. Childers, Okl., 462 P.2d 532; Mistletoe Express Service v. Bond, Okl., 455 P.2d 90; Greis, Trustee v. Rounsiville, 173 Okl. 189, 46 P.

2d 905; Empire Pipe Line Co. v. Morgan, 185 Okl. 82, 90 P.2d 389; and Tidal Refining Co. v. Ballard, 163 Okl. 259, 21 P.2d 1054, in its insufficiency to show notice to Kiewit Company of the time, place, or cause of the claimed accidental injury.

We do not agree. In none of the cases cited by respondents was there actual notice to "a superintendent *or foreman* in the place where the injury * * *" occurred, who, under the rules of the corporate employer, was to report accidental injuries to said employer. Here, one part of the evidence which respondents' argument does not deal with is claimant's testimony concerning Kiewit Company's employee, Jim Rice, whom claimant referred to as "the foreman out on the road, * * *", but who did not appear as a witness at the trial. While the evidence does not unequivocally describe Rice as claimant's supervising superior, or as the foreman over the bulldozing (claimant was doing when he suffered his first onslaught or attack of his disabling heart condition on July 3rd) and does not specifically identify Rice as being "the foreman in charge" within the contemplation of Kiewit's job office manager Seibert's testimony to the effect that the foreman is the one who sees that a man who suffers an accidental injury on the job is taken "straight to a doctor or to a hospital * * *", and was the one from whom he (Seibert) "usually" learns of such a happening, we think it may reasonably be inferred from the claimant's testimony that Rice was down in the pit "and he said he figured it was around 120 degrees", and that he (claimant) informed Rice he was having chest pains, that Rice personally observed claimant in the throes of that attack, and that Kiewit Company, through Rice, had actual notice (under the rule above referred to) that claimant then suffered an accidental injury on the job. It is not claimed that this evidence is incompetent or irrelevant on the issue of actual notice; nor was there any such evidence in any of the above cited cases relied on by respondents. We think the question of whether its import was to apprise claimant's foreman that he suffered an accidental injury in the course of operating the bulldozer was a question of fact for resolution by the Industrial Court.

Nor do respondents point out any evidence showing that (in the light of what Kiewit Company knew, or should have known or learned, concerning claimant's injury) it, or the respondent insurance carrier, was prejudiced by claimant's failure *to give the statutory written notice of said injury.* In Jones v. Oliver, 204 Okl. 164, 228 P.2d 173, 175, this Court said:

"We have heretofore held that a finding of the Commission supported by the evidence that the employer within the 30 day period provided by statute for giving written notice had actual knowledge of an injury may be sufficient to justify the further finding of 'no prejudice,' in the absence of a showing by the employer or insurance carrier to the contrary. Gulf Oil Corp. v. Garrison, 183 Okl. 631, 84 P.2d 12; Shell Oil Co., Inc., v. Thomas, 202 Okl. 190, 211 P.2d 263."

See also Board of County Com'rs of Tulsa County v. Parker, Okl., 451 P.2d 936 (1st syll.); Fiesta Pools of Oklahoma City v. Pratt, Okl., 405 P.2d 1014 (2nd syll.); and T. H. Rogers Lumber Company v. Ivey, Okl., 392 P.2d 374 (1st syll.).

In view of the foregoing, it is our opinion that respondents have shown insufficient cause for vacating the challenged award. Said award is therefore affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS and JACKSON, JJ., concur.

McINERNEY, J., concurs in result.

IRWIN, HODGES, and LAVENDER, JJ., dissent.